APPEAL OF GRACE M. KNOX, HENRY D. KNOX, WALTER P. COOKE, AND SEYMOUR H. KNOX, EXECUTORS OF THE ESTATE OF SEYMOUR H. KNOX.

Docket No. 2936.   Submitted May 21, 1925.   Decided November 24, 1925.

> Decedent's will provided that his executors and trustees should be paid annually an amount in the will named in lieu of statutory fees. *Held*, compensation of executors and trustees so provided for is a lawful deduction from the taxable income of the estate which must be reported in accordance with section 219 of the Revenue Act of 1918.

*J. H. Kenefick, Esq.*, for the taxpayer.
*L. C. Mitchell, Esq.*, for the Commissioner.

Before JAMES, LITTLETON, SMITH, and TRUSSELL.

#### FINDINGS OF FACT.

Seymour H. Knox, a resident of Buffalo, N. Y., died in May, 1915, leaving a last will and testament, which was duly admitted to probate and record in the Surrogate's Court of Erie County, N. Y., on June 3, 1915. The said Seymour H. Knox nominated and appointed, as executors of his last will and testament, Grace M. Knox,

his widow, Henry D. Knox, his brother, and Walter P. Cooke, all of the City of Buffalo, and he further nominated and appointed his son, Seymour H. Knox, to be one of the executors of his last will and testament when the said Seymour H. Knox should have attained the age of 21 years. The said Grace M. Knox, Henry P. Knox, and Walter P. Cooke duly qualified as executors under the said last will and testament, and they are now, and have been since the date of their qualification, acting as such executors. Seymour H. Knox did not attain the age of 21 years and qualify as executor until some time subsequent to the year 1919. Seymour H. Knox, deceased, left a large estate, consisting principally of various kinds of securities, and, instead of permitting his executors to receive the fees and commissions that would otherwise be payable to them under the laws of the State of New York for their services, he made provisions for the payment to them of fixed annual compensation, such compensation being provided by article 26 of his last will and testament, as follows:

I further will and direct that in view of the provisions herein contained for her benefit, that my wife, Grace M. Knox, serve as executrix of this my last Will and Testament, without fees, commissions or compensation, and I further will and direct that in lieu of the commissions and compensation provided by law, that each of my acting executors, administrators with the will annexed or trustees, whether herein appointed or appointed by the court, excepting only the Bankers Trust Company of Buffalo, as Trustee of the various trusts created by Articles Thirteenth, Fifteenth, Sixteenth, and Seventeenth thereof, shall during his service as such, receive an annual compensation of Twelve thousand ($12,000) each, to be paid out of the income of my estate and the trust funds herein contained and apportioned ratably between the said estate and the said trust funds created by the provisions of Article Twenty-first hereof in substantial proportion to the value of the property contained in each, from time to time, such sum to be received in full payment for his services as such executor, administrator, and trustee under this Will, and to cover the entire services of each, both as executor, administrator and trustee. I hereby expressly will and direct that the appointment of any other executor, trustee or administrator with the will annexed which may be made by any court, shall be upon the express condition that every such executor, trustee or administrator shall at the time of his appointment, accept the compensation above provided for his services, in lieu of commissions or compensation provided by law. I will and direct that the Bankers Trust Company of Buffalo in acting as trustee of Article Thirteenth, Fifteenth, Sixteenth, and Seventeenth hereof shall receive the usual commissions for such services as allowed by law.

During the year 1919 the trusts referred to in article 26 of the last will and testament of Seymour H. Knox had not been created and they were not created until the year 1921. The services rendered by the executors during the year 1919 consisted of managing and taking care of the estate and the income therefrom.

There was paid to Henry P. Knox and Walter P. Cooke during the year 1919, as compensation for their services in that year as executors of the estate of Seymour H. Knox, the amount of $12,000 each, and the total amount of $24,000 so paid was deducted from the gross income of the estate for the year 1919.

The net income of the estate of Seymour H. Knox for the year 1919, before deductions were made on account of compensation paid to the executors, was more than $1,000,000, a considerable part of which was exempt from taxation, being derived from securities such as municipal bonds and United States Government bonds. The Commissioner, upon audit of the taxpayer's income-tax return for the year 1919, determined that the estate was entitled to deduct such portion of the compensation as the taxable net income of the estate, before making any deductions on account of such compensation, bears to the total net income before deducting compensation. He accordingly disallowed $4,857.60 of the total deduction of $24,000 claimed and determined that there is a deficiency in tax for the year 1919 in the amount of $1,037.25.

#### DECISION.

The deficiency determined by the Commissioner is disallowed.

#### OPINION.

TRUSSELL: The only question presented by this appeal is whether or not the estate of Seymour H. Knox, in computing its net income for the year 1919, is entitled to deduct the amount of $24,000 paid to the executors of the estate as compensation for services rendered by them in that year. The Commissioner allowed as a deduction that part of the compensation so paid which bears to the total compensation the same ratio that the taxable net income of the estate bears to the total net income. However, at the hearing it was contended by the Commissioner that no part of the compensation paid to the executors of the estate in the year 1919 should have been or should be allowed as a deduction from gross income.

Seymour H. Knox, in his will, named certain persons who should act as executors in the necessary proceedings for the settlement and distribution of his estate, and provided further that the same executors should at once become the trustees of certain trusts specifically provided for and set forth in the will. The decedent, knowing that his estate would continue to produce a large income annually and that the execution of the trust provided for would extend over a period of years much longer than the period ordinarily required for the administration and settlement of an estate, provided in his will that his executors and trustees should, during the period of their

service in such capacity, receive as compensation a fixed annual salary in lieu of statutory fees and commissions. He also provided that such salary should be paid out of the income of the estate.

There appears to be no provision in the statutes of the State of New York, or in the Federal tax laws, which can be urged as in any way preventing or defeating the carrying out of the testator's purpose set forth in his will. This is not a case of a will or of an estate which is to be administered, settled, and distributed within the short time ordinarily required for such purposes. On the other hand, it is a case of the creation of long-time trusts, the execution of which must extend over such a period of years as to constitute a continuing business of handling large trust properties, collecting and receiving large incomes, and disposing of the same in accordance with the terms of the trusts. In such a case it appears to be eminently wise and proper that the executors' and trustees' compensation should be determined on the basis of annual salaries, and that such salaries should be paid out of the income of the estate and trust properties.

Section 219 of the Revenue Act of 1918 laid upon the executors and trustees in this case the duty of making an income-tax return for the estate and properties under their charge, and it further provided that the gross and net income of such estate should be ascertained and computed in substantially the same manner as required of living persons. The executors and trustees are essentially employees of the estate. Their compensation is one of the ordinary and necessary expenses of the estate and properly deductible from the income thereof without regard to the fact that a portion of the estate's income is exempt from taxation.