*145 OPINION.
Tires sell
: The only question presented by this appeal is whether or not the estate of Seymour H. Knox, in computing its net income for the year 1919, is entitled to deduct the amount of $24,000 paid to the executors of the estate as compensation for services rendered by them in that year. The Commissioner allowed as a deduction that part of the compensation so paid which bears to the total compensation the same ratio that the taxable net income of the estate bears to the total net income. However, at the hearing it was contended by the Commissioner that no part of the compensation paid to the executors of the estate in the year 1919 should have been or should be allowed as a deduction from gross income.
Seymour H. Knox, in his will, named certain persons who should act as executors in the necessary proceedings for the settlement and distribution of his estate, and provided further that the same executors should at once become the trustees of certain trusts specifically, provided for and set forth in the will. The decedent, knowing that his estate would continue to produce a large income annually and that the execution of the trust provided for would extend over a period of years much longer than the period ordinarily required for the administration and settlement of an estate, provided in his will that his executors and trustees should, during the period of their *146 service in such capacity, receive as compensation a fixed annual salary in lieu of statutory fees and commissions. He also provided that such salary should be paid out of the income of the estate.
There appears to be no provision in the statutes of the State of New York, or in the Federal tax laws, which can be urged as in any way preventing or defeating the carrying out of the testator’s purpose set forth in his will. This is not a case of a will or of an estate which is to be administered, settled, and distributed within the short time ordinarily required for such purposes. On the other hand, it is a case of the creation of long-time trusts, the execution of which must extend over such a period of years as to constitute a continuing business of handling large trust properties, collecting and receiving large incomes, and disposing of the same in accordance with the terms of the trusts. In such a case it appears to be eminently wise and proper that the executors’ and trustees’ compensation should be determined on the basis of annual salaries, and that such salaries should be paid out of the income of the estate and trust properties.
Section 219 of the Revenue Act of 1918 laid upon the executors and trustees in this case the duty of making an income-tax return for the estate and properties under their charge, and it further provided that the gross and net income of such estate should be ascertained and computed in substantially the same manner as required of living persons. The executors and trustees are essentially employees of the estate. Their compensation is one of the ordinary and necessary expenses of the estate and properly deductible from the income thereof without regard to the fact that a portion of the estate’s income is exempt from taxation.