JOHN S. SORENSON et al., Copartners under the Firm Name of SORENSON & NIELSEN, Appellants, *v.* KEESEY HOSIERY COMPANY, INC., Respondent.

**Contract — sale — pleading — trial — remedy of purchaser on discovery of defects in goods sold — indefinite complaint which may be read as one for rescission or for breach of warranty and damages — failure of defendant to move to make complaint more definite and certain or to require plaintiffs to elect as to their cause of action — dismissal of complaint on ground of failure to give notice of rescission and return goods erroneous where trial had proceeded on theory action was for damages for breach of warranty and allegations of complaint and evidence are sufficient to sustain such a cause of action — demand for wrong measure of damages not fatal.**

1. Purchasers of merchandise for export, who, immediately upon hearing from their customer that the goods were defective and of a lower grade than the sample, notified the seller, but failed to rescind the contract and, acting on the representations and persuasion of the seller's agent, kept the goods and disposed of them at a loss, have a remedy in an action for damages on breach of warranty which, under section 130 of the Personal Property Law, survives acceptance, provided the seller was notified within a reasonable time.

2. Where a complaint is neither clear nor definite and may be read either as one for rescission of a contract to purchase goods or as one for breach of warranty and for damages, and defendant failed to move to make the complaint more definite and certain or to require the plaintiff at the opening of the trial to elect or state his cause of action, but proceeded upon the trial, as did the plaintiffs, upon the assumption or theory that the action was for damages for breach of warranty and there are sufficient allegations in the complaint and proof upon the trial to sustain such an action, it is error for the trial court, at the close of the plaintiff's case, to grant a motion to dismiss the complaint on the ground of failure to give notice of rescission and failure to return the goods. A demand for the wrong measure of damages in the prayer for judgment is not fatal, provided damage be shown and the cause of action otherwise sufficiently alleged.

*Sorenson* v. *Keesey Hosiery Co.,* 216 App. Div. 750, reversed.

(Argued December 2, 1926; decided December 31, 1926.)

Appeal, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered March 31, 1926, unanimously affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term.

*Herbert R. Limburg, Morse S. Hirsch* and *Louis B. Davidson* for appellants. The cause of action pleaded was one for damages for breach of warranty and not to recover the purchase price upon a rescission. (*Swain* v. *Schieffelin*, 134 N. Y. 471; *Wharton* v. *Winchester*, 140 N. Y. 287; 2 Sedgwick on Damages, § 655-a.) Irrespective of the pleadings the action as litigated was for damages for breach of warranty. Defects of pleading, if any existed, were, therefore, waived. (*Kottler* v. *N. Y. Bargain House, Inc.*, 242 N. Y. 28; *Winter* v. *American Aniline Products*, 236 N. Y. 199; *Kokomo* v. *Inman*, 134 N. Y. 92; *Ramsay* v. *Miller*, 202 N. Y. 72.) Even assuming that plaintiffs had attempted to plead and prove a rescission and the proof failed to establish rescission, or even assuming that there had been an abandonment of an attempted rescission, nevertheless plaintiffs were entitled to go to the jury upon the cause of action actually proved for breach of warranty, and it was error to deny plaintiffs any relief. (*Clark* v. *Kirby*, 243 N. Y. 295; *Sand* v. *Garfield Motor Truck Co.*, 204 App. Div. 70.)

*Charles J. Lane* for respondent. Simple damages for breach of warranty was not the theory of action as alleged or tried and it is too late on appeal for appellants to change their theory of action. (*Greene* v. *Barrett*, 238 N. Y. 207; *Joannes Bros.* v. *Lamborn*, 237 N. Y. 207; *Stork* v. *Dorn*, 212 App. Div. 522; *Franck* v. *Union Ry. Co.*, 123 Misc. Rep. 949; *Gold* v. *City of Kingston*, 210 App. Div. 523; *Martin* v. *Herzog*, 228 N. Y. 164; *Stafford Mfg. Co.* v. *Jason Bldg. Co.*, 208 App. Div. 764; *Gordon* v. *Anderson*, 200 App. Div. 616; *Deren Coat Co.* v. *Becker*, 201 App. Div.

803.)   Plaintiffs' evidence failed to show that they had rescinded the contract and returned or offered to return the merchandise to defendant, as required by section 150 of the Personal Property Law and as alleged in their complaint.   (*Lowinson* v. *Newman*, 201 App. Div. 266; 2 Williston on Sales [2d ed.], 1529; *Little & Ives Co.* v. *Lamb Pub. Co.*, 108 Misc. Rep. 14; *Posner* v. *Fink*, 163 N. Y. Supp. 1082; *Lapovsky* v. *Abramson*, 181 N. Y. Supp. 798; Pers. Prop. Law, § 146; *Celler* v. *Montfort*, 190 App. Div. 914; *Metallograph Corp.* v. *Arma*, 205 App. Div. 100; *Joanness Bros.* v. *Czarnikow Rionda Co.*, 201 N. Y. Supp. 409; 205 N. Y. Supp. 930; *Brown* v. *Foster*, 108 N. Y. 387. *Chambers* v. *Lancaster*, 160 N. Y. 342; *Hospital Supply Co*; v. *O' Neill*, 10 Misc. Rep. 655; 155 N. Y. 634.)

CRANE, J.   In January of 1918 the defendant sold to the plaintiffs 5,000 dozen ladies' mercerized hose, quality 62, at $2.60 per dozen.   The goods were to be packed in strong new cases, iron strapped for export to the plaintiffs' customer at Buenos Aires, Argentine Republic. The plaintiffs had made the purchase, relying upon samples displayed by the defendant.   Shipments were made in the latter part of 1918 to the plaintiffs, and by the plaintiffs in the course of time to Buenos Aires.   On arrival at the South American port, the goods were found to be defective, and were returned to the plaintiffs at New York.   After the plaintiffs had received word from their customer that the goods would not be received, they notified the defendant of its breach, and thereafter various negotiations were had between the plaintiffs and the defendant's agent regarding the use and disposition to be made of the hosiery.   At one time the plaintiffs notified the defendant that they would return the goods, but they were persuaded from doing this by the defendant's agent, who assured them that the goods could be disposed of on a rising market at a profit.   Apparently relying upon the defendant's statement, the plaintiffs

wrote them, or rather their agent, The J. M. Given Co., ·
on July 23, 1920, as follows:

" Confirming the conversation between your Mr. Given
and our Mr. Sorenson, this afternoon by telephone, we
hand you herewith a memorandum of the hosiery about
which we had been treating with you lately. * * *

" We confirm the understanding arrived at between
your Mr. Given and Mr. Sorenson, to the effect that
you are authorized to make efforts to dispose of this
hosiery for our account at $4.75 per dozen. We are
prepared to pay to you a brokerage of 5% should you
effect the sale."

Given & Co. failed to sell these goods and the plaintiffs
thereafter disposed of them at a loss.

The plaintiffs did not rescind this contract of sale.
Their offer to return was a mere statement made in the
course of negotiations while the parties were determining
what to do with the goods. Acting on the representations
and persuasion of the defendant's agent, the plaintiffs
kept the goods and disposed of them. The plaintiffs'
remedy at law for this breach of warranty was not on the
ground of rescission, as there had been no rescission, and
subdivision 3 of paragraph (d) of section 150 of the Personal
Property Law (Cons. Laws, ch. 41) had not been com-
plied with. This reads: " Where the goods have been deliv-
ered to the buyer, he cannot rescind the sale * * * if
he fails to notify the seller within a reasonable time of the
election to rescind, or if he fails to return or to offer to
return the goods to the seller." The plaintiffs did not
notify the defendant within a reasonable time of their
rescission of the contract, nor did they offer to return
the goods in such a decisive way as to evidence an election
to rescind. The offer to return was merely a tentative
suggestion or statement made in the process of negotiation
for a settlement of the difficulty, which culminated in the
plaintiffs' keeping the goods. If the offer were made,
subsequent dealings indicated that it was withdrawn.

The plaintiffs did have a remedy, however, and this was an action for damages on breach of warranty, which under section 130 of the Personal Property Law survived acceptance, provided the seller was notified within a reasonable time. There is no question in this case about notice. The plaintiffs notified the defendant immediately upon hearing from their customer that the hosiery was defective and of a lower grade than the sample.

Whether this action is one in rescission or for damages upon breach of warranty has been somewhat difficult to determine. The complaint is by no means as clear and as definite as it should be. It contains allegations both ways, and might be read as it has been by the courts below, as one for rescission, or as one for breach of warranty and for damages, as we think it may be construed. While it is true that an action for rescission and an action for damages for breach of warranty are inconsistent and cannot be included in the same complaint as separate and distinct causes of action (*Joannes Brothers Co.* v. *Lamborn,* 237 N. Y. 207), yet where a defendant is in doubt whether the allegations of the complaint alleging one cause of action plead rescission, or action for damages, his remedy is to move to make the complaint more definite and certain, or else to require the plaintiff at the opening of the trial to elect or to state his ground of action. (Rules of Practice, 102–105.) In other words, a complaint may not be bad as failing to state any cause of action, and yet be so redundant, confused and obscure as to create doubt as to the remedy the plaintiff has chosen. The law provides a method whereby such doubt may be removed. The defendant in this case made no motion before trial to straighten out the complaint, and at the trial proceeded as did the plaintiffs, upon the assumption or theory that the action was for damages for breach of warranty. Much of the testimony which was introduced would have been entirely incompetent if this were not the remedy the court and

lawyers had in mind.  At the very opening of the trial, when 'the plaintiffs introduced evidence as to the profits which under the special circumstances they would have made on a resale to their customer in Buenos Aires, the defendant's counsel objected, making this statement: " I object to that because this is not the measure of his damage under the law.  The law is specific — section 150 of the Personal Property Law — as to what his measure of damage is.  It is the difference between the contract price and the market price."  The provision that counsel referred to is included in paragraphs 6 and 7 of section 150:

" 6. The measure of damages for breach of warranty is the loss directly and naturally resulting, in the ordinary course of events, from the breach of warranty.

" 7. In the case of breach of warranty of quality, such loss, in the absence of special circumstances showing proximate damage of a greater amount, is the difference between the value of the goods at the time of delivery to the buyer and the value they would have had if they had answered to the warranty."

This is not the measure of damages in an action for rescission or on the ground of rescission.  The property being returned to the defendant, or tendered back, the action is brought to recover the purchase price paid. (Personal Property Law, sect. 150, par. 4.)  The plaintiffs, however, were permitted to prove the value of the hosiery at the time of delivery, if in accordance with sample, and its value as delivered.  In fact, the defendant's counsel cross-examined one of the plaintiffs' witnesses regarding the market price of hosiery at the time and place of delivery, although nothing had been asked of this witness on direct examination regarding the market. This brief reference to the record indicates, I think, that the parties considered this as an action to recover damages for breach of warranty, or else there was some confusion as to the measure of damages which did apply.  At one

point, when ruling as to admission of evidence of damage, the court stated that he ruled so as to be in a position at the end of the case to pass on all the questions of law.  At no point do I find that the defendant's counsel objected to the plaintiffs' evidence of market values, as being a wrong or improper measure of damage, or as attempting to prove a cause of action not alleged in the complaint.  It is true that at one time he objected on the ground that such evidence was incompetent and irrelevant, but failed to state why it was incompetent. Most of the objections were to the incompetency of the witness as an expert.  No claim was made that the proof in any way varied from the cause of action set forth in the complaint.

At the end of the plaintiffs' case a motion was made to dismiss on the ground of failure to give notice of rescission and failure to offer to return the goods.  The motion was granted.

The plaintiff concededly failed to prove a cause of action based upon rescission.  As stated by me, the trial did not proceed upon this theory.  The plaintiffs did prove sufficient to make out a cause of action for damages sustained through a breach of warranty.  They proved the warranty, a breach, notice and damage.  Even though the complaint were indefinite and uncertain as to what the plaintiffs were seeking to recover, the court might very well have considered at the end of the case that the complaint conformed to the proof showing a cause of action for damage on breach of warranty.  It appears as if the defendant's counsel had acquiesced in this view of the case and of the complaint.  However that may be, and without so holding, an examination of the complaint we think shows sufficient allegations to sustain it as an action for damages for breach of warranty, especially when the parties have apparently tried the case upon that theory.  The complaint, narrowed down, alleges a contract of sale, a breach of warranty, damages

resulting from the breach, and demands judgment for a sum of money which is apparently the purchase price, and also damages for all other losses. The other losses alleged included the freight charges to Buenos Aires and back, insurance, carting, also loss of profits on the rejection of the goods by the plaintiffs' South American customer. These items if within the contemplation of the parties might be recovered in an action for damages resulting from a breach of warranty (*Swain* v. *Schieffelin*, 134 N. Y. 471) but could not be a part of the recovery in an action of rescission, at least not all of them. (Personal Property Law, sect. 150; Williston on Contracts, vol. III, sect. 1464, p. 2609; *Gerli & Co.* v. *Mistletoe Silk Mills*, 80 N. J. Law, 128.) The party who rescinds can claim nothing beyond restitution.

While it is not necessary that the word " rescission " should be used, yet this complaint nowhere states that the contract of sale was rescinded, or that the plaintiffs ever gave notice of rescission, or claimed rescission. That it is a poorly drawn complaint must be conceded, yet a cause of action for damages for breach of warranty may be spelled out of it. A demand for the wrong measure of damages in the prayer for judgment is not fatal, provided damage be shown and the cause of action otherwise sufficiently alleged. The prayer for relief sometimes is helpful, but is not always conclusive in determining the nature of the cause of action attempted to be stated. As an action for rescission, or based upon rescission, and for the recovery of the purchase price, the complaint fails to state that the plaintiffs gave notice of their election to rescind.

Taking into consideration all the matters which I have here stated and the uncertainty which even counsel appeared to be in at the time of the trial as to the proper measure of damage to be applied under the complaint, we think that the dismissal of the action at the end of the plaintiffs' proof cannot be sustained. Therefore, the

judgments should be reversed and a new trial granted, with costs to abide the event.

HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, ANDREWS and LEHMAN, JJ., concur.

Judgments reversed, etc.