**PINK, Superintendent of Insurance of New York, v. UNITED STATES.**

**In re HOME TITLE INS. CO.**

**No. 246.**

Circuit Court of Appeals, Second Circuit.

May 22, 1939.

184

Satterlee & Green, of New York City (I. Herman Sher and Martin A. Meyer, Jr., both of New York City, of counsel), for plaintiff.

Vine H. Smith, U. S. Atty., of Brooklyn, N. Y., James W. Morris, Asst. Atty. Gen., and Sewall Key, J. Louis Monarch, and Paul R. Russell, Sp. Assts. to Atty. Gen., for the United States.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge.

■ This is an action at law brought by the plaintiff, duly appointed pursuant to Article XI of the New York Insurance Law as rehabilitator of Home Title Insurance Company, to recover part of the sum paid by said Company as income taxes for the year 1927. It was tried by the court without a jury pursuant to subdivision 20 of section 24 of the Judicial Code as amended, 28 U.S.C.A. § 41(20). The district judge wrote an opinion and made findings of fact and conclusions of law, on the basis of which judgment was entered for the plaintiff for $15,943.86 with interest and costs. Both parties have appealed, the plaintiff contending that recovery should have been for a larger sum, the defendant that judgment should have been entered in its favor. Appellate jurisdiction rests upon section 128(a) of the Judicial Code as amended, 28 U.S.C.A. § 225(a).

The taxpayer was incorporated in 1906 under Article V of the New York Insurance Law. From its organization until August 4, 1933, when the Superintendent of Insurance as statutory rehabilitator took control, its business consisted of insuring titles to real estate and guaranteeing real estate mortgages. The district court found that for the year 1927 the taxpayer was entitled to be taxed as an insurance company under section 246 of the Revenue Act of 1926, 44 Stat. 48. It was so decided as to earlier years in United

L. HAND, Circuit Judge, dissenting.

States v. Home Title Ins. Co., 285 U.S. 191, 52 S.Ct. 319, 76 L.Ed. 695; but this decision was not handed down until March 14, 1932. The taxpayer's income tax liability for 1927 was computed at 13½ per cent. of its reported net income, that being the rate applicable to ordinary corporations taxable under section 230(a) (2) of the 1926 Act, 44 Stat. 39, and a tax of $73,347.30 was paid in quarterly instalments during 1928. In September, 1929, a claim for refund of $5,433.13, "or such greater amount as is legally refundable", was made on the ground that the taxpayer was an insurance company taxable under section 246, and should have paid at the rate of only 12½ per cent. of its net income. This claim was rejected by the commissioner, and a deficiency of $4,694.14 was assessed which the taxpayer duly paid on October 17, 1930. On December 11, 1931, a claim for refund of $23,030.96 was filed on the ground that the taxpayer was taxable as an insurance company and had erroneously included in its return of gross income for 1927 fees of $1,080,828.89 and profit on the sale of capital assets of $10,450. In March, 1932, the taxpayer requested that its first refund claim be reopened because of the Supreme Court decision already referred to. The request was granted, and on September 20, 1932, the commissioner issued a certificate of over-assessment in the sum of $7,087.10, exclusive of interest. This sum was determined by excluding from the taxpayer's gross income for 1927, the profit of $10,450 mentioned in the second refund claim and computing the tax at the rate of 12½ per cent. of the net income, as demanded in the first refund claim. The taxpayer's contention in its second refund claim respecting exclusion from gross income of fees of $1,080,828.89 was rejected. At the trial the plaintiff contended that fees of $358,231.28 had been improperly included in the taxpayer's gross income for 1927, and sought recovery of $44,778.91 of the taxes paid. The district judge found that the inclusion of said fees was wrong, but recovery was limited to $15,943.86 with interest and costs. This was upon the theory that the claim for refund of $23,030.96 filed on December 11, 1931, was a timely claim only as to the instalment of $18,336.82 paid on December 15, 1928, and the deficiency assessment of $4,694.14 paid on October 17, 1930. From these payments totalling $23,030.96, the district court held that there must be deducted the sum of $7,087.10 refunded to the taxpayer in 1932. The balance of $15,943.86 is the amount of the judgment exclusive of interest and costs.

■ The district court found as conclusions of law (1) that the taxpayer was taxable as an insurance company, other than a life or mutual company, under section 246 of the Revenue Act of 1926; (2) that of the fees and charges for services included in its gross income for 1927, the amount of $358,231.28 was not a part of its taxable gross income and should be excluded therefrom; and (3) that the taxpayer is entitled to the benefit of all of its deductions for 1927, including the part thereof, if any, incurred in earning the fees and charges which are not a part of its taxable gross income for that year. Upon this appeal the United States has not challenged the correctness of the first two conclusions. Both have been ruled in the taxpayer's favor in respect to other years. United States v. Home Title Ins. Co., supra; Home Title Ins. Co. v. Commissioner, 33 B.T.A. 318. But the United States does deny the district court's third conclusion. It contends that the evidence proves that the expense of earning the non-taxable fees and charges of $258,231.28 was equal to the amount thereof, and accordingly deductions of an equal amount should be eliminated from the taxpayer's return, thus leaving the net income unchanged and preventing any judgment for the plaintiff. The question presented is whether the expenses of earning non-taxable income should be excluded from the deductions allowed by section 247. Not to exclude them in effect permits some of the taxpayer's investment and underwriting income to escape taxation; the government's argument would be unanswerable if addressed to Congress. Indeed, Congress has heeded it and amended the 1934 Revenue Act accordingly. See section 24(a) (5), Revenue Act of 1934, 48 Stat. 691, 26 U.S.C.A. § 24(a) (5); House Rep. No. 704, 73d Cong., 2d. Sess. p. 23; Senate Rep. No. 558, 73d Cong., 2d Sess. p. 26; see, also, as to the 1932 Act, Senate Rep. No. 665, 72d Cong., 1st Sess. p. 37. But in view of the very specific language of section 247, 44 Stat. 49, of the Revenue Act of 1926, we do not think that a court may limit the deduction of ordinary and necessary business expenses to those incurred in producing taxable income. In several cases the

Board of Tax Appeals has refused to read such a limitation into statutory provisions for deductions, and the commissioner has accepted this ruling. Appeal of Knox, 3 B.T.A. 143; Watson v. Commissioner, 35 B.T.A. 706; Roebling v. Commissioner, 37 B.T.A. 82. This court refused to pro rate an expense of producing both capital and income in Commissioner v. Speyer, 2 Cir., 77 F.2d 824, certiorari denied Helvering v. Speyer, 296 U.S. 631, 55 S.Ct. 155, 80 L. Ed. 449, where the argument for it was perhaps as strong as in the case at bar, although the facts were very different. The cases relied upon to support a contrary conclusion are distinguishable. Rockford Life Ins. Co. v. Commissioner, 292 U.S. 382, 54 S.Ct. 761, 78 L.Ed. 1315, concerned deductions under section 203 of the Revenue Act of 1928, 45 Stat. 842, 26 U.S. C.A. § 203 and note, whose wording indicated that Congress intended to limit deductions to those related to the taxable income. No such intention can be deduced from the language of section 247, which we are considering. Lewis v. Commissioner, 3 Cir., 47 F.2d 32, held that a taxpayer was not entitled to deduct expenses incurred in earning income having constitutional immunity from taxation; unless limited to cases of that character it is out of line with the other decisions of the Board, above cited, and with our own case of Commissioner v. Speyer, supra. In our opinion the district court correctly construed section 247 to entitle the taxpayer to deduct the fees and charges in question without regard to whether they were incurred in producing taxable or non-taxable income. This was apparently the view entertained by Congress when the 1932 Act (section 204 [26 U.S.C.A. § 204 and note]) changed the prior definition of gross income of insurance companies. The Report of the Senate Finance Committee (Senate Rep. No. 665, 72d Cong., 1st Sess. p. 37) explained the change as follows:

"Some question has arisen as to the adequacy of the definition in prior acts of the gross income of insurance companies other than life or mutual. Under a recent decision of the Supreme Court, some of the title guaranty and mortgage guaranty companies are taxable as insurance companies, and since a substantial part of their income might not be classed as either underwriting or investment income, it might not come within the definition of gross income contained in this section. As such companies are allowed the same deductions as are allowed to ordinary corporations, in addition to the purely insurance deductions provided in section 204, they would be in the highly favored position of being taxed upon only part of their income while being allowed all of their expenses, losses, and other deductions. * * *"

For the foregoing reasons the defendant's appeal must fail.

On the plaintiff's appeal it is contended that the recovery should be for a larger amount than the judgment awarded. Excluding from the taxpayer's gross income for 1927 the fees and charges of $358,231.28 which were found non-taxable, it appears that there was an overpayment of taxes in the sum of $51,866.01, of which only $7,087.10 has been refunded. The balance of $44,778.91 is the sum the plaintiff seeks. That his complaint asked judgment for only $23,030.96 is not fatal to recovery of larger damages which were proven. Sorenson v. Keesey Hosiery Co., 244 N.Y. 73, 80, 154 N.E. 826. Nor does the fact that the taxpayer's claims for refund specified respectively the amounts of $5,433.13 and $23,030.96, limit the plaintiff's right, since the grounds on which the present action is based were adequately set forth in the refund claims. Electric Storage Battery Co. v. McCaughn, D.C., 54 F. 2d 814; affirmed 3 Cir., 63 F.2d 715; F. W. Woolworth Co. v. United States, D.C., 15 F.Supp. 679, 681, reversed on other grounds, 2 Cir., 91 F.2d 973. These propositions are not disputed by the defendant. The plaintiff is, therefore, entitled to the larger recovery unless the statute of limitations forbids. Section 284(b) (1) of the Revenue Act of 1926, 44 Stat. 66, provides that no refund of an overpayment of income tax imposed by the Act shall be allowed after three years from the time the tax was paid, unless a claim therefor is filed by the taxpayer before the expiration of such period. Thus decision must turn on whether there was filed a timely claim for refund based on the ground essential to the present cause of action.

The second claim for refund filed on December 11, 1931, specifically claimed that the fees in question (and others in addition) were improperly included in gross income; but this claim was too late to reach any payments except the quarterly instalment of December 15, 1928, and the deficiency payment of October 17, 1930, totaling $23,030.96, unless it may be treated

as an amendment of the first claim for refund filed on September 25, 1929. The first claim had been rejected in 1930; hence it could not be the subject of a valid amendment when the second claim was filed. Solomon v. United States, 2 Cir., 57 F.2d 150. But its status as an existing and amendable claim was restored by the commissioner's reopening, reconsideration and allowance of it in 1932. See United States v. Memphis Cotton Oil Co., 288 U.S. 62, 72, 53 S.Ct. 278, 77 L.Ed. 619; McKesson & Robbins v. Edwards, 2 Cir., 57 F.2d 147, 149. As appears from the certificate of over-assessment (plaintiff's exhibit 2) the commissioner then considered both claims together, allowed the first in full and the second in part, and rejected that part of the second claim relating to exclusion from income of the fees in question. Whether a new ground of recovery may be introduced after the statute has run by amending a pending claim filed in time depends upon the facts which an investigation of the original claim would disclose. Where the facts upon which the amendment is based would necessarily have been ascertained by the commissioner in determining the merits of the original claim, the amendment is proper. Bemis Bros. Bag Co. v. United States, 289 U.S. 28, 53 S.Ct. 454, 77 L.Ed. 1011; United States v. Memphis Cotton Oil Co., 288 U.S. 62, 53 S.Ct. 278, 77 L.Ed. 619; United States v. Factors & Finance Co., 288 U.S. 89, 53 S.Ct. 287, 77 L.Ed. 633. The rule is otherwise when the amendment requires the examination of new matters which would not have been disclosed by an investigation of the original claim. United States v. Andrews, 302 U.S. 517, 58 S.Ct. 315, 82 L.Ed. 398; United States v. Garbutt Oil Co., 302 U.S. 528, 58 S.Ct. 320, 82 L.Ed. 405; Marks v. United States, 2 Cir., 98 F.2d 564. We think that the present case falls within the former rule. The original claim asserted that the taxpayer was subject to taxation as an insurance company under section 246 at the rate of 12½ per cent. of its 1927 income. The merits of this claim involved the determination of whether insurance was its predominant business for that year. Bowers v. Lawyers' Mortgage Co., 285 U.S. 182, 52 S.Ct. 350, 76 L.Ed. 690; United States v. Home Title Ins. Co., 285 U.S. 191, 52 S. Ct. 319, 76 L.Ed. 695; Empire Title & Guarantee Co. v. United States, 2 Cir., 101 F.2d 69. The commissioner was therefore called upon to investigate the various sources of the taxpayer's income, and in so doing would necessarily discover that the fees now in question, and alleged in the second claim for refund to be non-taxable, were neither investment nor underwriting income as defined in section 246. This being so, it may well be argued that the original claim was enough to require the commissioner to compute the correct tax by excluding from gross income the fees in question. See Bemis Bros. Bag Co. v. United States, 289 U.S. 28, 34, 53 S.Ct. 454, 77 L.Ed. 1011. But however that may be, if an amendment was necessary, it involved facts which would necessarily have been discovered by an investigation of the original claim. Hence the second claim was a proper amendment and the plaintiff should recover the taxpayer's overpayment of $44,778.91 with interest. The judgment is reversed and the cause remanded with directions to enter judgment in accordance with this opinion.

L. HAND, Circuit Judge (dissenting).

When in 1932 the Supreme Court decided that the plaintiff and companies like it might be within § 246 of the Revenue Act of 1926 (United States v. Home Title Ins. Co., 285 U.S. 191, 52 S.Ct. 319, 76 L. Ed. 695; Bowers v. Lawyers' Title Insurance Co., 285 U.S. 182, 52 S.Ct. 350, 76 L. Ed. 690) a part of their income necessarily escaped taxation; and, presumably on that account, the statute was changed that very year. It is not probable that such companies were in the mind of Congress, and I believe that it supposed that in "investment income" and "underwriting income", it had included all the income (except perhaps capital gains) of insurance companies, "other than a life or mutual insurance company". Hence it was unnecessary to limit the deductions allowed by § 247(a) (1) to expenses incurred in creating taxable income. All expenses were so incurred, just as they are in the case of an ordinary corporation. As soon as corporations like the plaintiff were classed as insurance companies, this plan went awry; for, not only did some of the income escape taxation, but § 247(a) (1) gave them a positive bonus. The deduction of an "expense" seems to me always to presuppose that it is part of the cost of producing taxable income, and that alone would, I think, have been enough to persuade me not to read the words of § 247 (a) (1) literally. However, I find confirmation in § 245, which defined the

deductions allowed to life insurance companies. These companies were taxed only upon the same items which § 246 described collectively as "investment income". Section 245(b) (5) limited the deductible expenses of life insurance companies to "investment expenses", and § 245(b) did the same as the taxes and obsolescence; and Congress, at any rate in their case, meant to disallow the cost of producing exempt income. If it be asked, why, if that is true, it did not use the same language in § 247, I answer that the definition of gross income in § 246 had, as I have said, been supposed to be exhaustive. Often we must read the words strictly, and I acknowledge that there is no vade mecum when to do so, and when not to; a generally disclosed purpose is at times enough to change what would otherwise be their meaning, and here there appears to me to have been such a purpose.