INDUSTRIAL YARN CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 11742.   Promulgated April 19, 1949.

*Jacquin D. Bierman, Esq.*, for the petitioner.
*T. R. Wickersham, Esq.*, for the respondent.

#### OPINION.

DISNEY, *Judge*: This case involves excess profits tax liability for the calendar years 1941 and 1942. The question presented is whether this Court has jurisdiction, the respondent having filed his motion to dismiss for lack of jurisdiction, after filing of the petitioner's amended petition.

In this posture of the case we consider the allegations contained in the petition. No evidence was adduced at the hearing on the motion to dismiss. The amended petition, in part here material, alleges that on November 15, 1943, the petitioner filed as to the years 1941 and 1942 its claim for refund, relating to the application of section 722 of the Internal Revenue Code, copies of which claim are attached to the petition. The attached copies, as to the year 1941, show that application for relief under section 722 is made on Form 991, with the allegation that excess profits tax of $3,442.56 had been paid at or prior to the time of filing the application, and that excess profits tax computed after application of section 722 was zero; and, as to the year 1942, the attached copies show application for relief on Form 991, with the allegation that $10,949.80 excess profits tax had been paid prior to filing the application, and that excess profits tax computed after application of section 722 was $18,786.19. The amended petition further alleges, as to the year 1941, that the excess profits tax return showed no tax; that as a result of an examination excess profits tax of $3,430.67 was agreed to and assessed, and paid, $876.66 on February 23, 1944, and $2,573.01 on March 15, 1944; and that, as to the year 1942, the excess profits tax paid by November 15, 1943, the date of filing claim for refund on Form 991 was $16,424.70 rather than $10,949.80, as stated in such claim; and that petitioner's excess profits tax of $22,150.18 was paid as follows: a total of $16,424.70 prior to November 15, 1943, and $2,724.57 thereafter, in December 1943; that the claims for refund under section 722 were disallowed on the merits by the Commissioner by letter dated May 16, 1946; that the Commissioner at no time prior to disallowance objected to the claims on the ground that they were untimely filed; that he considered the claims for refund under section 722 subsequent to the time the full excess profits taxes had been paid, in the amounts of $3,430.67 and $22,150.18, respectively; that the petitioner filed protests and supplemental memorandum and held numerous conferences with the Commissioner subsequent to the full payment of the full excess profits taxes; and that, therefore, the petitioner prays that this Court determine overpayments of excess profits tax for 1941 and 1942 in the respective amounts of $3,430.67 and $22,150.18. Attached to the amended petition is the notice of disallowance under date of May 13, 1946, in which the following language appears:

After careful consideration of your applications for relief under Section 722 filed November 15, 1943, for the taxable years ended December 31, 1941 and 1942, it has been determined that you have not established your right to the relief therein requested. In accordance with the provisions of Section 732 of

the Internal Revenue Code, notice is hereby given of the disallowance of the claim for refund asserted in that application.

\* \* \* \* \* \* \*

In making this determination of your excess profits tax liability, careful consideration has been given to your applications for relief under Section 722 (a) and (b), filed on November 15, 1943, to reports of examination dated October 17, 1944 and the protests dated January 11, and January 30, 1945; and to the statements made at the conferences held on April 18, December 12, 1945 and April 2, 1946.

\* \* \* \* \* \* \*

It is held that you have not established that the tax computed under subchapter E of chapter 2 of the Internal Revenue Code without the benefit of Section 722 of the Code results in an excessive and discriminatory tax within the provisions of Section 722 (a) and (b) of the Code. Furthermore, you have not established what would be a fair and just amount representing normal earnings to be used as a constructive average base period net income for the purposes of an excess profits tax based upon a comparison of normal earnings and earnings during the excess profits tax taxable years ended December 31, 1941 and 1942.

Accordingly, the claims for refund contained in (or based upon) Form 991, application for relief under the provisions of Section 722 of the Internal Revenue Code, for the years ended December 31, 1941 and 1942 are disallowed. Notice of such disallowance is hereby given in accordance with the provisions of Section 732 of the Internal Revenue Code.

Nothing in the notice of disallowance suggests that claim for refund is premature or insufficient. The notice shows liability for and assessment of the $3,430.67 and $22,150.18 for the respective years 1941 and 1942, with no deficiencies.

The respondent's motion to dismiss for lack of jurisdiction, in material part, states that the amended petition avers the filing of the application for relief pursuant to section 722, on November 15, 1943; that no payment, as to 1941, of excess profits tax was alleged to be made before November 15, 1943, the date of the application for relief on Form 991, and, no subsequent claim for refund having been filed, this Court is without jurisdiction; that, as to the year 1942, the application on Form 991 avers that petitioner's excess profits tax computed after application of section 722 is $18,786.19; that the amended petition avers payment of $16,424.70 by November 15, 1943, the date of the application for relief on Form 991; that, the amount of excess profits tax for 1942 paid on or before filing of the application being less than the amount of excess profits tax claimed to be payable computed pursuant to section 722 and no subsequent claim for refund having been filed, this Court is without jurisdiction.

The petitioner, on brief, does not contend that any claim for refund was filed after full payment of the excess profits tax, except to urge that a protest filed for 1941 contained the expression: "Taxpayer \* \* \*

hereby reasserts its claim as valid under the law and regulations promulgated by the Commissioner"; and, as to 1942: "Taxpayer reasserts its claim for relief and alleges that it is valid and meritorious under the law and regulations promulgated by the Commissioner."

The petition, however, does not recite such facts and they have not been proved. Hence we must disregard the contention relative thereto; and, therefore, we consider petitioner's view, alleged in the amended petition, that the Commissioner considered the claims for refund on the merits and denied them on the merits and, therefore, the respondent may not now validly plead lack of jurisdiction. Since the notice of disallowance, attached to the petition, stated that in making the determination consideration had been given to the application for relief under section 722, to reports of examination, to protests, and to statements made at three conferences, we regard these matters as embodying the consideration on the merits to which the amended petition refers.

This Court is given jurisdiction, by section 732 of the Internal Revenue Code, if a claim for refund of tax is disallowed, and the disallowance relates to the application of section 722. Regulations 109, section 30.722–5 (c), as amended, [applicable to 1941] and Regulations 112, section 35.722–5 (c) [applicable to 1942] provide that the claim on Form 991 for relief under section 722 shall be considered a claim for refund or credit with respect to the excess profits tax for the applicable year for which the application is filed which has been paid at or prior to filing of the application; and further provide that the amount of refund claim shall be the excess of the amount paid over the amount claimed to be payable pursuant to section 722. They further provide that, if the taxpayer pays in installments and has not paid in full at filing of application under section 722, he shall file a claim for refund on Form 843. The Commissioner, therefore, contends that, nothing having been paid before the application, as to 1941, and only a part having been so paid as to 1942, and the claim as to 1942 showing less previously paid than claimed under section 722, and no refund claim being subsequently filed, this Court is without jurisdiction.

The petitioner relies primarily upon *Continental Illinois National Bank of Chicago* v. *United States*, 39 Fed. Supp. 620, where the Court of Claims held that consideration on the merits and action and decision without objection to early filing of a claim for refund cured premature filing of claim. To the same effect *Fidelity Trust Co.* v. *United States*, 39 Fed. Supp. 451, is cited. The cases do not involve section 722. Attention is also called to *Angelus Milling Co.* v. *Commissioner*, 325 U. S. 293, holding that, if the Commissioner chooses not to stand on his own formal or detailed requirements, he may not be allowed to invoke technical objection after he has investigated the

merits of a claim and taken action upon it. The respondent, on his part, points out that the *Angelus Milling* case also states:

Since, however, the tight net which the Treasury Regulations fashion is for the protection of the revenue, courts should not unduly help disobedient refund claimants to slip through it. The showing should be unmistakable that the Commissioner has in fact seen fit to dispense with his formal requirements and to examine the merits of the claim. * * *

Also that the Supreme Court says:

* * * The effective administration of these modern complicated revenue measures inescapably leads Congress to authorize detailed administrative regulations by the Commissioner of Internal Revenue. He may insist upon full compliance with his regulations. * * *

Respondent says that the regulations eliminate the requirements of a proper claim for refund only as to tax paid at or before application under section 722, and only to the extent that the tax so paid exceeds the tax shown due under section 722, and that no substitute for refund claim thus is found here, and that the regulations have not been met. He argues also that as to 1941 the petitioner misled the Treasury by stating in the application for section 722 relief that the tax had been paid, when in fact none had been paid.

We have carefully studied these conflicting views, and have come to the conclusion that the facts alleged in the petition come within the above language of the *Angelus Milling* case that, in order for claim of refund to be waived, "The showing should be unmistakable that the Commissioner has * * * seen fit to dispense with his formal requirements and to examine the merits of the claim," and that here such showing is made; for not only does the notice of disallowance, attached to the petition, state that in making the determination careful consideration has been given to the application, to reports of examination, to protests and statements made in conferences on three dates named, but in addition notice is given "of the disallowance of the claim for refund asserted in that application"; and again: "Accordingly, the claims for refund contained in (or based upon) Form 991, * * * are disallowed. Notice of such disallowance is hereby given in accordance with the provisions of *Section 732 of the Internal Revenue Code*." [Italics ours.] How could it be plainer that the petitioner was considered as having presented, and the Commissioner considered as having passed upon and disallowed, the refund claim required by section 732 for jurisdiction in this Court? Though we agree that under the *Angelus Milling* case the showing of waiver of formal claim should be unmistakable, we think it is so here. At the time of the disallowance, it is clear, the Commissioner considered the petitioner entitled to the jurisdiction of this Court, for he acted "in accordance with" the provisions of section 732, giving us

such jurisdiction. Nothing in the notice suggests infirmity or prematurity in the claims for refund. We view him as passing upon the merits, waiving formal claim and premature filing. *United States* v. *Kales*, 314 U. S. 186. The *Angelus* case, *supra*, also says:

* * * But Congress has given the Treasury this rule-making power for self-protection and not for self-imprisonment. If the Commissioner chooses not to stand on his own formal or detailed requirements, it would be making an empty abstraction, and not a practical safeguard, of a regulation to allow the Commissioner to invoke technical objections after he has investigated the merits of a claim and taken action upon it. Even tax administration does not as a matter of principle preclude considerations of fairness.

The erroneous statement that the 1941 tax had been paid before the application appears immaterial, in view of the consideration on the merits. *American Coast Line, Inc.*, 6 T. C. 67; affd., 159 Fed. (2d) 665, although involving sections 722 and 732, is not in point here; for therein the question was one of jurisdiction to consider claim for relief under section 722, and there was no question of premature filing of claim for refund, nor was there any payment of excess profits tax at any time or any denial by the Commissioner of claim for refund. We said: "The petitioner has never paid any excess profits tax for the year here in question. It has never filed any claim for refund of excess profits taxes paid for the year, and it has never been notified by the Commissioner of his denial in whole or in part of any claim for refund of excess profits taxes for that year." In this case there was payment, though belated, and filing of claim on Form 991, and under the regulations such filing shall be considered claim for refund as to tax which has been paid at or prior to filing of application; also, if payment is in installments and not in full at the time of filing Form 991, a claim for refund should be filed on Form 843. Since section 732, conferring jurisdiction, does not define claim for refund, since section 729 applies in general the law of chapter 1, and since section 62 gives the Commissioner, with the approval of the Secretary, power to prescribe regulations, under which power he obviously acted in prescribing those providing that the application for relief under section 722 shall be considered a claim for refund, under certain conditions, it appears that we have here, as in the *Angelus* and other cases above, a question of regulations, and that they are therefore full authority for the conclusion here that a premature filing may be considered cured, when there is later payment, by consideration of the claim by the Commissioner on the merits. The Commissioner, in our opinion, waived the requirement of prior payment in the regulation when, reciting and therefore knowing of the assessment of $3,430.67 for 1941 and of $22,150.18 for 1942, he issued a notice that the claims for refund contained in Form 991 were disallowed and that notice was

given in accordance with section 732. We, therefore, conclude and hold that this Court has jurisdiction in this case.

The respondent's motion to dismiss for lack of jurisdiction is, therefore, denied.

Reviewed by the Court.

*An order will be entered accordingly.*

HILL, *J.*, dissents.

———

OPPER, *J.*, concurring: It is quite true that in *American Coast Line, Inc.*, 6 T. C. 67, we made the statement that that petitioner had never filed any claim for refund and that it had never been notified of the denial of such a claim. But we had previously pointed out that "The petitioner has never paid any excess profits tax for the year here in question." And, further, that "If the petitioner pays the deficiency, it will then be entitled to file a claim for refund, and if that claim is denied * * * it will have a right to contest that action * * *." (P. 73.)

Even more definitely does the Circuit Court's opinion in affirmance (159 Fed. (2d) 665) refer to the necessity of payment. It construes section 722 as having been "amended to provide that as a condition upon making any 'application' to the Commissioner the corporation must not only 'compute its tax' and 'file its return,' *but 'pay its tax * * * without the application of this section'*: i. e., § 722." The opinion subsequently becomes even more specific: "The answer to the other question is not so plain: *Should the condition of payment* which the amendment imposed upon all 'applications' to the Commissioner *be understood as also applicable to appeals to the Board?* * * * § 722 * * * was a favor; it was presupposed that * * * the tax was due unless ex gratia the blow was softened * * *. When Congress imposed as a condition upon such a favor, and expressly prescribed that the recipient *must not be in default as to what it acknowledged to be due,* we can hardly believe that it meant to relieve those of the same condition who had wrongly, even though honestly, failed to acknowledge what in fact was due, merely because their liability had not been finally determined on an appeal. Moreover, we think it not unimportant as disclosing a pre-existing purpose that by the amendment of 1943 Congress *denied the 'benefits' of § 722 in all cases where the amount of the tax as assessed was not paid * * *.*" (Emphasis in each case added.)

Although I regard the *American Coast Line* case as having been erroneously decided, and should be glad to see it overruled, I can not agree that it is not controlling here. I accordingly concur only in the result.