EISENSTADT MANUFACTURING COMPANY, PETITIONER, v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 50429. Filed April 30, 1957.

*Charles B. McInnis, Esq.*, for the petitioner.
*Hunter D. Heggie, Esq.*, for the respondent.

226

OPINION.

Kern, *Judge:* All issues with respect to the fiscal years 1944, 1945, and 1946 have been stipulated by the parties, and effect will be given thereto under Rule 50.

For the fiscal years 1942 and 1943 the qualification of petitioner for relief under section 722 (b) (4) and its constructive average base period net income have been stipulated, and the questions here before us for decision are whether petitioner's applications for relief under section 722 and claims for refund relating to those years, as amended to include specifically a reliance on subsection 722 (b) (4) by a document

filed after the time within which original claims for refund could be filed for those years, were completely invalid in their amended form or could be considered by respondent upon waiver of their noncompliance with respondent's regulations; and, if they could be considered by respondent by such waiver, whether respondent gave to these claims as thus amended such consideration prior to final administrative action as to constitute a waiver of his regulatory requirements.

Petitioner contends that it filed timely applications for relief under section 722; that its applications were later expanded to include a ground (sec. 722 (b) (4)) not specifically claimed in its original applications; that respondent considered and rejected the expanded applications on their merits; and that such action by the respondent constitutes a waiver of the lack of specificity required in his regulations within the meaning of the rule announced by the Supreme Court in *United States* v. *Memphis Cotton Oil Co.*, 288 U. S. 62, and *United States* v. *Factors & Finance Co.*, 288 U. S. 89. See, also, *Bemis Bros. Bag Co.* v. *United States*, 289 U. S. 28; *United States* v. *Kales*, 314 U. S. 186; *Pink* v. *United States*, 105 F. 2d 183 (C. A. 2, 1939); *Addressograph-Multigraph Corporation* v. *United States*, 112 Ct. Cl. 201, 78 F. Supp. 111 (1948); *Industrial Yarn Corporation*, 12 T. C. 589; and *Martin Weiner Corp.*, 26 T. C. 128. See, also, *Wilmington Gasoline Corporation*, 27 T. C. 500.

Assuming, *arguendo*, that respondent had refused to waive the specificity requirements of his regulations, petitioner contends, nevertheless, that it was entitled to amend its applications for relief under section 722, after the statute of limitations had barred the filing of a new application but prior to the rejection of its pending applications, because all the facts necessary to consider such amendment would necessarily have been ascertained by respondent in his examination and consideration of petitioner's applications prior to the amendment. In other words, petitioner contends that the facts, ascertained by respondent in his investigation of the section 722 (b) (2), (b) (3) (A), and (b) (5) grounds for relief, were sufficient to apprise him of the facts relating to the 722 (b) (4) ground for relief later added by amendment.

Respondent maintains that petitioner's amended claim for relief, filed May 4, 1949, claiming relief specifically under section 722 (b) (4), was a new ground for relief which was not timely filed for the fiscal years 1942 and 1943. Respondent maintains further that he did not waive compliance with his regulations regarding the form or substance of any of petitioner's claims for refund or relief. Respondent relies primarily upon *United States* v. *Andrews*, 302 U. S. 517; *United States* v. *Garbutt Oil Co.*, 302 U. S. 528; *Nemours Corporation* v.

*United States*, 188 F. 2d 745 (C. A. 3, 1951); and *H. Fendrich, Inc.*, 25 T. C. 262, revd. 242 F. 2d 803 (C. A. 7, 1957).

The statutory law is found in sections 322 and 722 (d). Section 322 (b) (1) provides that unless a claim for credit or refund is filed by a taxpayer within 3 years from the time the return was filed or within 2 years from the time the tax was paid, no credit or refund shall be allowed or made after the expiration of whichever of such periods expires the later. Section 722 (d) denies a taxpayer the benefits of section 722, unless within the period of time prescribed by section 322 it makes application for such benefits. The pertinent provisions of respondent's regulations, as amended, are set forth in the margin.[2]

Petitioner's original applications for relief and claims for refund covering the years in question were filed within the time required by statute. Petitioner's amendment of May 4, 1949, stating another ground for refund, i. e., section 722 (b) (4), was filed after the expiration of such time. The filing of such amendment was not con-

---

[2] Regulations 112.

SEC. 35.722-5. APPLICATION FOR RELIEF UNDER SECTION 722.—(a) *Requirements for filing.*—

\* \* \* \* \* \* \*

Except as otherwise provided in this section, the application on Form 991 (revised January, 1943) must set forth in detail and under oath each ground under section 722 upon which the claim for relief is based, and facts sufficient to apprise the Commissioner of the exact basis thereof. It is incumbent upon the taxpayer to prepare a true and complete claim and to substantiate it by clear and convincing evidence of all the facts necessary to establish the claim for relief; failure to do so will result in the disallowance of the claim. If a claim for relief is based upon section 722 (b) (5) and section 35.722-3 (e) (relating to factors other than those expressly provided by section 722 (b) (1), (2), (3), and (4) and section 35.722-3 (a), (b), (c), and (d)), the application must state the factors which affect the business of the taxpayer, which may reasonably be considered as resulting in an inadequate standard of normal earnings during the base period, and the reasons why the extension of relief under section 722 to the taxpayer would not be inconsistent with the principles underlying the provisions of section 722 (b) (1), (2), (3), and (4) and section 35.722-3 (a), (b), (c), and (d), and with the conditions and limitations enumerated therein. Only one application for relief under section 722 shall be filed for an excess profits tax taxable year. New grounds or additional facts not contained in the original application shall be presented as an amendment to the original application for the taxable year. Any supplemental or additional applications filed after the filing of the original application shall be considered amendments to the original application previously filed. No new grounds presented by the taxpayer after the period of time for filing a claim for credit or refund prescribed by section 322, and no new grounds or additional facts presented after the disallowance, in whole or in part, of the application for relief and the claim for refund based thereon, will be considered in determining whether the taxpayer is entitled to relief or the amount of the constructive average base period net income to be used in computing such relief for the taxable year.

\* \* \* \* \* \* \*

(c) *Claim for refund.*—The application on Form 991 or Form 991 (revised January, 1943) shall be considered a claim for refund or credit with respect to the excess profits tax for the taxable year for which the application is filed which has been paid at or prior to the time such application is filed. The amount of credit or refund claimed shall be the excess of the amount of excess profits tax for the taxable year paid over the amount of excess profits tax claimed to be payable computed pursuant to the provisions of section 722. In case the taxpayer elects to pay in installments the tax shown upon its return and at the time the application is filed such tax has not been paid in full, the taxpayer should file a claim for refund on Form 843 as promptly as possible after such tax has been paid in full. The information already submitted in the application need not again be submitted on Form 843 if reference is made therein to such application. \* \* \*

trary to the statute, but was prohibited by respondent's regulation. The statute requires that the taxpayer file an application for relief under section 722 "within the period of time prescribed by section 322," but does not contain any requirements as to the statement therein of grounds relied upon. The respondent's regulations require the statement of grounds for relief and provide that "No new grounds presented by the taxpayer after the period of time for filing a claim for credit or refund prescribed by section 322, * * * will be considered in determining whether the taxpayer is entitled to relief * * *."

In considering a similar problem in the case of *Martin Weiner Corp., supra,* we said (p. 134) : "[A]lthough a claim for refund may * * * be denied if it does not conform with the formal requirements contained in respondent's regulations under section 322 (to the effect that such claims shall be made on certain forms and must state the grounds relied upon for refund), those regulatory requirements *can be waived* by respondent."

In the instant case, the requirements that specific grounds be set out in an application for general relief under section 722 and that no new ground can be presented by amendment of such application after the period prescribed by section 322 are requirements not made by the statute but by respondent's regulations. On the authority of *Martin Weiner Corp., supra,* and the cases therein cited, we hold that these regulatory requirements may be waived by respondent.

We turn now to the question of whether there was a waiver by respondent.

The original claims for 1942 and 1943 and petitioner's tax returns for such fiscal years were examined and considered by one of respondent's revenue agents. Petitioner was informed, by the 30-day letter dated December 18, 1944, that as a result of his investigation the revenue agent recommended rejection of the claims, but no statutory notice of disallowance was mailed to petitioner following such investigation and consideration.

This record discloses no administrative action on any of petitioner's claims between December 18, 1944, and May 4, 1949, when petitioner filed the document entitled "Brief." Prior to and after December 18, 1944, petitioner filed additional applications for relief and additional claims for refund for the fiscal years 1944, 1945, and 1946, based upon the same grounds and data set forth in the applications and claims for fiscal years 1942 and 1943. It was only after the Brief of May 4, 1949, was filed presenting section 722 (b) (4) factors that further administrative action occurred. For clarity, we point out that at that time the applications and claims pending before the respondent related to the 5 fiscal years 1942 to 1946, inclusive.

It is a fact, so found, that the Brief filed on May 4, 1949, was treated

by respondent's agent as amending the applications for relief to include a claim under section 722 (b) (4). After his examination of petitioner's claims, as amended, the revenue agent recommended the rejection thereof on all grounds claimed, i. e., section 722 (b) (2), (b) (3) (A), (b) (4), and (b) (5). In his report, the revenue agent pointed out that the statute of limitations had run on fiscal years 1942 and 1943 before the supplement (Brief) was filed and that "no consideration may be given to those years under the provisions of section 722 (b) (4)." This statement was apparently based on the agent's determination that the section 722 (b) (4) claim was a new ground which the regulations provided would not be considered in determining whether a taxpayer is entitled to relief, if presented after the time prescribed by section 322 for filing a claim. Sec. 35.722–5 (a), *supra*, footnote 2. Nevertheless, respondent did not choose to stand on this formal defect and no statutory notice of disallowance based thereon was mailed to petitioner.

After additional data and argument in support of its claims were submitted by petitioner in September and November 1949, the section 722 committee of the office of the internal revenue agent in charge at St. Louis considered the claims and submitted a field conference report to respondent. This report shows that one of the grounds for relief considered was the change in management, change in products, or change in character of business under section 722 (b) (4). The field committee concluded that petitioner had failed to establish the existence of any qualifying factor prescribed by section 722 (b) (2), (b) (3) (A), (b) (4), and (b) (5).

Following additional conferences, the filing of further data, the amending of the pending applications and related claims to include section 722 (b) (1), and further administrative review and consideration by the Excess Profits Tax Council, respondent issued his statutory notice of disallowance. This was the first time final action was taken by respondent with respect to any of the section 722 claims filed by petitioner for the taxable years. The notice of disallowance and the statement attached thereto dealt with applications for relief and related claims under section 722 generally. No mention was made to specific subsections of section 722. No reference was made to section 322 as barring the claims for fiscal years 1942 and 1943. No indication was given that respondent did not fully and completely understand the grounds upon which petitioner's claims were based. On the contrary, the statutory notice indicated that respondent fully understood the grounds and dealt with them on the basis of such understanding. *Keneipp* v. *United States*, 184 F. 2d 263, 267 (C. A., D. C., 1950). The notice of disallowance, in our opinion, was a flat denial of relief on the merits with no mention whatsoever of untimely filing, informality, or

inadequacy of information as to the claims for 1942 and 1943. *United States* v. *Kales, supra.*

With this history of respondent's various administrative reviews of petitioner's claims before us, we are convinced that there was a waiver by respondent of his regulatory requirements with regard to petitioner's claims and applications covering the 2 years here in question, and we so hold.

Reviewed by the Special Division.

*Decision will be entered under Rule 50.*