## MESTA v. UNITED STATES.

### No. 8290.

Circuit Court of Appeals, Third Circuit.

Argued May 20, 1943.

Decided July 30, 1943.

427

denied Rieck v. Helvering, 1939, 308 U.S. 602, 60 S.Ct. 138, 84 L.Ed. 504.

We are concerned here with a claim for refund made by the taxpayer within the period of the statute of limitations and an amendment thereto made after the statute had run. Does the original claim give notice of the subject-matter elaborated in the amendment, or is the latter the statement of a new cause of action? That is the question on which the case turns. On February 8, 1936, and thus within the period of the statute of limitations the taxpayer filed a claim for refund for a portion of the tax paid in 1934 upon 1933 income. One portion of the claim was allowed and paid and we are not concerned with it. The other is the foundation of this law suit. It said:

"1. On my tax return for 1933 there was included as taxable income the amount of $34,097.90 covering net income from my share of the operations of an oil lease operated through a partnership. Said lease was secured from the city of Oklahoma City, Oklahoma. The income from said lease to said city was and is used exclusively for general public purposes. The net income from said lease is exempt from federal income taxes under the provisions of the Revenue Act of 1932 and in accordance with the decision of the Supreme Court of the United States in the Coronado Oil & Gas Co. [Burnet v. Coronado Oil & Gas Co.], 285 U.S. 393 [52 S.Ct. 443, 76 L.Ed. 815], and allied cases. The decision in the Jergins Trust case [Burnet v. A. T. Jurgins Trust], 288 U.S. 508 [53 S.Ct. 439, 77 L.Ed. 925], does not apply in my case. It is respectfully submitted that the amount of income realized by me from this lease is not taxable and the tax paid is refundable."

It is obvious that up to the last sentence of this claim, the questions raised are almost solely those of law. True there is the question of whether the lease existed in fact and whether it was secured from Oklahoma City. These facts being ascertained or admitted the question of taxability of the income from the lease was a question of law which involved no examination of the returns from the operation of the lease, nor the cost of such operation. If the taxpayer's position was sound the return from the lease was exempt income.

But the taxpayer says that the last sentence of the claim does raise the issue of the amount of taxable income from

William Wallace Booth, of Pittsburgh, Pa. (W. A. Seifert, of Pittsburgh, Pa., on the brief), for appellant.

Louise Foster, of Washington, D. C. (Samuel C. Clark, Jr., Asst. Atty. Gen. and Sewall Key, J. Louis Monarch, and Joseph M. Jones, Sp. Assts. to the Atty. Gen., Charles F. Uhl, U. S. Atty, of Pittsburgh, Pa., on the brief), for respondent.

Before BIGGS, GOODRICH, and WOODBURY, Circuit Judges.

GOODRICH, Circuit Judge.

The plaintiff taxpayer in this litigation seeks to recover $4,456.25 of the amount paid as income tax for the year 1933. There is no dispute of fact between the plaintiff and the defendant, the correctness of the amount of the claim is admitted; the sole defense for the Commissioner's refusal to make the refund is the statute of limitations. If the Commissioner is right on his point of law, he is not permitted to waive the requirements however churlish the refusal may seem in view of the now admitted correctness of the taxpayer's refund claim. United States v. Garbutt Oil Co., 1938, 302 U.S. 528, 58 S.Ct. 320, 82 L.Ed. 405; Commissioner of Internal Revenue v. Rieck, 3 Cir., 1939, 104 F.2d 294, certiorari

the lease. Since the Commissioner refused to follow the Coronado case,[1] he was of necessity and by law required to determine the gross income from oil runs, allowable deductions for expenses, depletion and depreciation and the net taxable income. This issue being raised by the original claim, the argument runs, a subsequent amendment to the claim filed by taxpayer introduced no new cause of action, but simply pointed more clearly the path indicated by the original claim and was permissible under the rule as developed in such decisions as United States v. Andrews, 1938, 302 U.S. 517, 58 S.Ct. 315, 82 L.Ed. 398, and cases discussed therein; United States v. Garbutt Oil Co., supra; Pink v. United States, 2 Cir., 1939, 105 F.2d 183; United States v. Krueger, 3 Cir., 1941, 121 F.2d 842, certiorari denied 1941, 314 U.S. 677, 62 S.Ct. 185, 86 L.Ed. 542.

This amendment was filed July 11, 1939, long after the two year statutory period[2] had expired. It was captioned: "Amendment to and Amplification of Claim dated Feb. 7, 1936." and recited:

"This is an amendment to and amplification of claim filed on or about Feb. 7, 1936, which has not yet been acted upon by the Commissioner of Internal Revenue.

"Item 1 of said claim filed on or about Feb. 7, 1936, is hereby amplified and amended so as to clearly show that if it be finally determined that the correct income from oil sources be less than that shown by the return and said corrected income be held to be taxable income, then refund should be made on the basis of the difference between the corrected income and that reported. In determining the correct net income from that source due allowance should be made for depletion and depreciation sustained and deductible expenses."

We may take it as clear that the amendment is specific enough in claiming a refund for taxes paid from oil sources in the taxpayer's income for the year in question if determination of the correct figures showed it to be due her. But its availability to the taxpayer rests upon the soundness of the position, stated above, that the last sentence of the original claim raises even in general terms, a question separate from that developed in the argumentative language which preceded it. The Court, itself composed of taxpayers, feels sympathy with this plaintiff's position. It is now established that her tax was overpaid and that all that stands between her and the refund she would otherwise receive is the bar of the statute of limitations.

But the most sympathetic consideration for the taxpayer cannot bring us to the interpretation of the language in her original claim which her resourceful counsel now urges. We cannot think that the words "amount of" in the sentence referred to are to be inflated to the importance of stating an additional or alternative claim, as they must be if the argument is to be sustained. The draftsman of the claim did not even raise the statement to the dignity of a new paragraph. He did not need to, for a reading of the whole shows convincingly that he was asking a refund because, on the basis of the authorities he cited, the income from the source he described was exempt from taxation as a matter of law. There is no foundation in the language used there for the structure which, through the amendment, is sought to be erected upon it.

Affirmed.

---

[1] In which refusal he was justified by subsequent events. Helvering v. Mountain Producers Corporation, 1938, 303 U. S. 376, 58 S.Ct. 623, 82 L.Ed. 907.

[2] See Revenue Act of 1932, § 322, 26 U.S.C.A. Int.Rev.Acts p. 571.