## SOCONY–VACUUM OIL CO., Inc., v. UNITED STATES.

### No. 177.

Circuit Court of Appeals, Second Circuit.

Jan. 23, 1945.

R. Kemp Slaughter, of Washington, D.C., and Herbert C. Smyth, Jr., of New York City, for plaintiff-appellant.

John F. X. McGohey, U. S. Atty., of New York City (Laurence H. Axman, Asst. U. S. Atty., of New York City, of counsel), for defendant-appellee.

Before CHASE, HUTCHESON, and FRANK, Circuit Judges.

PER CURIAM.

Reference is made to the opinion below, Socony-Vacuum Oil Co. v. United States, D.C., 52 F.Supp. 637, for a statement of the pertinent facts. The claim for refund was specific in respect to deductions claimed on account of credit for foreign income taxes but otherwise was so general that it amounted to an attempt by way of a catchall provision to toll the statute of limitations completely pending whatever amendment the taxpayer might see fit to make.

The statute cannot be circumvented in that way. A claim timely filed may be amended to make it more specific after the statute has run when a proper investigation of the claim as filed would have appraised the commissioner of the facts on which the amendment is based. Pink v. United States, 2 Cir., 105 F.2d 183, 187. But that does not help this plaintiff because there was nothing in the original claim which required the commissioner to make such a general re-audit of the plaintiff's tax liability, including the subject of loss deductions about which nothing was said, and it is immaterial that he might have done so. United States v. Andrews, 302 U.S. 517, 524, 58 S.Ct. 315, 82 L.Ed. 318. He could, as he did, act upon the refund claim without making any investigation of the retirement of the stock of the subsidiary to determine whether any deduction was allowable on that score and so did not waive the filing of a timely claim for refund covering that new matter.

Judgment affirmed.