**ISHIKAWA v. ACHESON, Secretary of State.**

Civ. No. 847.

United States District Court
D. Hawaii.

June 9, 1950.

Wilfred C. Tsukiyama, Honolulu, T. H., A. L. Wirin and Fred Okrand, Los Angeles, Cal., for plaintiff.

Ray J. O'Brien, United States Attorney, District of Hawaii, Howard K. Hoddick, Assistant United States Attorney, District of Hawaii, Honolulu, T. H., for defendant.

McLAUGHLIN, Judge.

This case was decided August 12, 1949, 85 F.Supp. 1, but for some reason no judgment was ever entered thereupon. Hence the time requirements of Federal Rules of Civil Procedure, rule 59, 28 U.S. C.A., are inapplicable. Indeed, no point is made as to the propriety of the motion.

On September 29, 1949, the defendant moved for a new trial on the basis of newly discovered evidence.

As plaintiff's counsel resides in Los Angeles, the matter did not come on for hearing until March 22, 1950. After argument, memoranda were filed by April 25, 1950. Since that time the pressure of other work has interfered with the preparation of this ruling.

The basis for the defendant's motion is that after the Court's decision, a new and different theory of defense became available upon the discovery of new facts. Specifically the defendant states that it is now in a position to prove that the plaintiff discharged the duties of a position of "gaimushokisei" or chancellor of the Japanese Consulate in Nanking, China, in 1943 to the date of his induction into the Japanese Army in 1945, and that under Japanese law only a Japanese national was eligible to hold such a position. In support of the motion is an affidavit of Hikozo

Tanaka, who was the Consul General at the Nanking Japanese Consulate, dated June 1949. Tanaka, as plaintiff's boss during the time in question, states that he arranged for plaintiff's appointment as chancellor, and that only a Japanese national could be so appointed. Upon these facts a new defense of expatriation under 801(d), Title 8 U.S.C.A., might become available, and an opportunity to develop fully the facts and to present the defense in point of law is requested by the motion.

Plaintiff resists the motion on the grounds of (1) laches, (2) the incompleteness of the Tanaka affidavit, and (3) lack of a showing, even if Tanaka is correct, that the plaintiff ever knowingly accepted the position as a Japanese national and with knowledge of the Japanese law.

■ As plaintiff stresses laches and lack of diligence, I will dispose of the additional grounds by saying that the showing of the alleged newly discovered evidence need not present an air-tight case. It suffices if a showing is made of sufficient new facts to afford a basis for believing that, given an opportunity, the concrete proof could reasonably be expected to cover the gaps and to fill in the details. I believe such a showing has been made here, and it can be left to the matter of proof to supply the specific details.

The disposition of this motion depends, therefore, upon whether or not if there has been laches and a lack of due diligence—both before and after trial—in uncovering the basis for this new defense, it is chargeable against this defendant.

Passing over the defendant's contentions that due to the unusual circumstances of the case and the difficulty of getting former enemies to talk there really has been no chargeable lack of diligence—passing over this contention, but with a reservation of doubt on the point as the defendant admits it did nothing about it by way of a motion such as this between June and September 1949, let it be assumed that there has been laches and a lack of diligence by the defendant in the discovery or utilization of the new evidence upon which to found a Section 801(d) defense, the ultimate question is, Does it bar this defendant?

That question in turn gives rise to another question, namely: Who here is the defendant?

■ If the defendant is here as an individual, laches would preclude a grant of the motion. But in my opinion as the Secretary of State is here sued in his official capacity, this suit is in substance a suit against the United States. The settlement of the controversy affects the plaintiff and the United States and the political relationship of one to the other. In this dispute the Secretary of State is but a figurehead. Cummins v. Deutsche Bank, 1937, 300 U.S. 115, at page 118, 57 S.Ct. 359, 81 L.Ed. 545. See contra Savorgnan v. United States, 7 Cir., 1948, 171 F.2d 155, at page 159. Such is obviously so when the prayer of the complaint is for a binding declaration by the sovereign, speaking through its judicial branch, that plaintiff is a citizen of the United States. See Acheson v. Murakami, 9 Cir., 1949, 176 F.2d 953.

This being then in substance a suit against the United States, to which limited consent has been given by Section 903 of Title 8 U.S.C.A., the defense to the motion of laches is of no avail. United States v. State of California, 1947, 332 U.S. 19, 67 S.Ct. 1658, 91 L.Ed. 1889; Id., 332 U.S. 804, 68 S.Ct. 20, 92 L.Ed. 382, petition denied 334 U.S. 855, 68 S.Ct. 1517, 92 L.Ed. 1776; United States v. Summerlin, 1940, 310 U.S. 414, at page 416, 60 S.Ct. 1019, 84 L.Ed. 1283; Utah Power & Light Co. v. United States, 1917, 243 U.S. 389, at page 409, 37 S.Ct. 387, 61 L.Ed. 791. See generally 54 Am.Jur. "United States" Section 123. United States v. Bransen, 9 Cir., 1944, 142 F.2d 232, relied upon by the plaintiff, is distinguishable both as to the nature of the case and upon the facts.

■ It is true that this principle ordinarily finds expression in cases where the United States is the party plaintiff, but I know of no good reason why the same sound principle should not also be available to the sovereign where it is in the position of a defendant and is desirous of interposing a defense. After all the judicial ascertainment of whether or not a

person has lost his United States citizenship is not a game. The Rules of Civil Procedure are designed "to secure the just, speedy, and inexpensive determination of every action." Rule 1, Federal Rules of Civil Procedure.

A question of citizenship or the loss thereof is of vital concern both to the individual and to the public speaking through its government. Rules made for the conduct of private litigation should not here apply and bar a full disclosure of a matter of prime importance to both the plaintiff and the United States.

Accordingly, the motion is granted, and the case is reopened on this new issue only, and for the hearing of the evidence relating thereto both parties are directed to proceed with dispatch and to produce all relevant evidence, for no delays will be allowed. Both parties are directed therefore to get ready as promptly as circumstances will allow to try this issue, and to set the matter down for hearing at the earliest possible date.