**WESTCHESTER FIRE INSURANCE COMPANY, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

United States District Court
S. D. New York.
Nov. 24, 1955.

Chambers, Clare & Gibson, New York City, Walter E. Warner, Jr., New York City, of counsel, for plaintiff.

Paul W. Williams, U. S. Atty., New York City, George M. Vetter, Jr., Asst. U. S. Atty., New York City, of counsel, for defendant.

RYAN, District Judge.

In this suit filed October 2, 1951, to recover taxes allegedly erroneously assessed for the years 1943 and 1944, plaintiff taxpayer moves to amend paragraphs 28 and 30 of the complaint to plead a "bookkeeping error" in its refund claim for 1944 and to increase the amount of refund sought from $3,827.31 to $19,-827.31. The complaint pleads six separate claims but the amendment sought is directed only to the refund claim filed May 21, 1948 and disallowed on the merits on February 9, 1950.

The issue presented by this motion is whether after the period of time for filing a new claim has run, plaintiff may amend that part of the complaint based on the refund claim to plead the above matter. It is the contention of taxpayer that the amendment would merely correct an error in computation of the refund alleged to be due, in no wise changing the theory advanced in the refund claim, and that the Court would have jurisdiction over the amended matter; the Government maintains that the amendment would introduce facts and a legal theory not contained in the refund claim which it has not had opportunity to investigate and over which, consequently, the Court would have no jurisdiction. Section 3772(a), I.R.C., 26 U.S.C.A.

While it is true that under Rule 15, 28 U.S.C.A., amendments are to be freely allowed, it would serve no useful purpose to permit the pleading of matter which would be subject to a motion to dismiss. Moore, Federal Practice, Vol. 3, Sec. 15.08. Moreover, in a suit of this nature this rule must be applied with due regard to the necessities of administrative procedure. United States v. Andrews, 302 U.S. 517, 58 S.Ct. 315, 82 L.Ed. 398.

Plaintiff's right to recover is limited and circumscribed by Section 3772(a) which provides that no suit for the recovery of taxes may be brought until a claim for refund has been filed according to the provisions of law and the regulations established. Treas. Reg. 111, Sec. 29.322–3 requires that the claim for refund set forth in detail and under oath "each ground upon which a refund is claimed, and facts sufficient to apprise the Commissioner of the exact basis therefor," and that no refund will be allowed after the expiration of the statutory period except upon one of the grounds set forth in a claim timely filed.

Because this is a statute permitting suit against the sovereign and one for the recovery of taxes it is to be strictly construed. Nichols v. United States, 7 Wall. 122, 74 U.S. 122, 19 L.Ed. 125; Tucker v. Alexander, 275 U.S. 228, 48 S.Ct. 45, 72 L.Ed. 253.

The filing of the claim under the statute is an "essential condition precedent", Scovill Manufacturing Co. v. Fitzpatrick, 2 Cir., 1954, 215 F.2d 567, 569; United States v. Felt & Tarrant Mfg. Co., 283 U.S. 269, 51 S.Ct. 376, 75 L.Ed. 1025, and meticulous compliance by the taxpayer with the prescribed conditions must appear before he can recover. Maas & Waldstein Co. v. United

States, 283 U.S. 583, 51 S.Ct. 606, 75 L.Ed. 1285. Not only must the plaintiff's suit rest on the same facts as those set forth in the claim, but also on the same grounds. Dascomb v. McCuen, 2 Cir., 1934, 73 F.2d 417, Chandler v. McCuen, certiorari denied 295 U.S. 737, 55 S.Ct. 649, 79 L.Ed. 1685; B. F. Goodrich Co. v. United States, 9 Cir., 135 F. 2d 456. It follows then that the amendment will lie only if the refund claim filed by taxpayer encompassed the matter now sought to be pleaded.

■ The practical test is whether the refund claim was sufficiently broad to have led the Commissioner in his investigation of the merits of the claim to a consideration of the facts now attempted to be pleaded. If it was, then the amendment pertains to matter already within his knowledge and it will lie; if, on the other hand, it would require examination by the Commissioner of facts not germane to the claim, the motion must be denied. United States v. Andrews, supra; Socony-Vacuum Oil Co. v. United States, 2 Cir., 1945, 146 F.2d 853; Keneipp v. United States, 87 U.S.App. D.C. 242, 184 F.2d 263.

■ The theory of plaintiff's refund claim and that of the suit is that of a recovery exclusion under Section 22(b) of the Code and Sec. 29.22(b) (12)–1(a) of Regulation 111 (Supp.) which provides for the exclusion from gross income of certain items. Specifically, plaintiff argues that salvage losses incurred in 1942 for which it received no tax benefit that year, when recovered in 1944 should have been excluded from its taxable gross income in 1944. In its income tax return for 1944, taxpayer listed under Expenses (Schedule K) as estimated, non-taxable income a deduction of $40,-000 representing salvage recoveries in 1944 on 1942 losses. The refund claim cited the above section and regulation and stated:

"That in the year 1944 cash salvage recoveries amounting to $49,-568.28, or $9,568.28 more than claimed in estimate on original return, were received on losses incurred in the year 1942. That the result for the year 1942 was a net loss of $481,279.60 which loss was not used for carryback or carryover purposes. That in accordance with the above regulation the recovery in 1944 of $49,568.28, or $9,568.28 more than the estimated amount claimed on original return, in cash salvages on losses incurred in the year 1942, and for which no tax benefit was received, should be excluded from gross income in the year 1944.

"Additional Deduction—

"Increase of actual cash salvage recoveries in 1944 for losses incurred in 1942 over estimated amount deducted on return as filed $9,568.28

"Tax at 40% due as refund 3,827.31"

The position of plaintiff now is that it should have computed the refund claimed on $49,568.28 (its total salvage recoveries) rather than on the excess of $9,568.28. The amendment would allege that the amount claimed was erroneously computed and it would set out the correct amount as $19,827.31. I do not pass on the merits of this contention.

It appears that the legal ground relied on by plaintiff in the amendment is the same as that relied on in the claim for refund—a right to a recovery exclusion in 1944 for losses sustained in 1942; the amendment does not set forth any additional or new facts but it would change the basis for computing the amount of overpayment from a figure representing an excess over and above that estimated and deducted, to one representing the total amount of salvage recoveries. By the amendment plaintiff will be in a position to seek recovery of a sum greater than that which was rejected by the Commissioner.

Recovery in a greater amount has been permitted where the suit has proceeded on the same theory as that set forth in the refund claim, Pink v. United States, 2 Cir., 1939, 105 F.2d 183; see Mertens, Law of Fed.Inc.Tax., Vol. 10, Sec. 58.22,

the reason for this being that it is often difficult for a taxpayer to ascertain the exact figure at the time of filing the claim. No such problem appears to have here confronted plaintiff. On the contrary, it computed the exact amount it claimed as overpayment; however, in doing this it set out all the pertinent facts and figures—the total salvage recoveries, the estimated amount and the excess. The particulars recited in the claim "pointed unerringly" to the items the Commissioner was to consider, United States v. Andrews, supra, and an examination into the validity and accuracy of the surplus amount of $9,568.28 would inevitably have led the Commissioner to a consideration of the entire amount claimed as salvage recovery, to wit, the sum of $49,568.28. It cannot be said that the amendment will raise matters as to which the Commissioner did not have an opportunity to make an intelligent administrative review before rejecting the claim. Scovill Manufacturing Co. v. Fitzpatrick, supra.

In spite of taxpayer's delay in moving to amend the complaint it does not appear that defendant will be prejudiced in its defense of the claim as amended. Accordingly, the motion is granted.