Betty H. RYAN, Plaintiff,

v.

Carter H. HARRISON, individually and as former Collector of Internal Revenue, et al., Defendants.

No. 54 C 868.

United States District Court
N. D. Illinois, E. D.
March 8, 1956.

---

2. 38 U.S.C.A. § 445.

6. 38 U.S.C.A. §§ 445, 445d.

John B. Stephan, Chicago, Ill., for plaintiff.

R. Ticken, U. S. Atty., Chicago, Ill., for defendants.

SULLIVAN, District Judge.

This complaint seeks the recovery of income taxes paid for the year 1944. The relevant facts have been stipulated, and both parties seek summary judgment. The cause is a consolidated one involving two taxpayers, husband and wife, whose income for the years in question was derived from a business in which they were partners. From this partnership, each had taxable income for the years 1944 and 1945, and a net operating loss for 1946. Within the statutory period each filed a claim for refund "to adjust 1945 tax, due to carry-back of 1946 partnership loss". Subsequently, but after the time for filing claims for refund had elapsed, an "amendment" to this claim was filed, stating that "Our refund in the amount of $12,509.10 was based on carry back to 1945 and should have read $8,796.61 based on carry back to 1944". No action was taken on the original claim before the filing of the amendment. The Commissioner later disallowed the "claims for refund of $12,509.10, for the years 1944, 1945". Suit is now brought on the refund claim.

The Government's defense is that no timely claim for refund was filed as required by Section 322 of the Internal Revenue Code of 1939, 26 U.S.C.A. § 322, since the timely claim was insufficient to claim a refund for 1944, and the second, untimely, claim could not amend or relate back to the first. Thus the question presented is: is a timely claim for refund which requests a carry-back of a 1946 net operating loss to 1945, properly amended by a subsequent and untimely claim charging the loss to 1944?

As in many instances, the rule of law is plain—the only problem is to apply it to the facts. A later claim is considered an amendment of an earlier one, and therefore to relate back to it as to the time of filing, if it states no new cause of action. United States v. Memphis Cotton Oil Co., 1933, 288 U.S. 62, 69, 53 S.Ct. 278, 77 L.Ed. 619. In determining what is to be considered in this category, it must be remembered that the purpose of the statute requiring claims for refund to be filed within a stated time limit is to give the government notice of the pending claim and thus pro-

tect it from stale demands. United States v. Memphis Cotton Oil Co., supra, 288 U.S. at page 71, 53 S.Ct. at page 281; Miami Valley Coated Paper Co. v. C. I. R., 6 Cir., 1954, 211 F.2d 422, 425; True Bros., Inc., v. U. S., D.C.Mass.1950, 93 F.Supp. 107, 110. The first claim must therefore give notice of the subject matter of the second. Mesta v. U. S., 3 Cir., 1943, 137 F.2d 426, 427; United States v. Garbutt Oil Co., 1938, 302 U.S. 528, 532, 58 S.Ct. 320, 82 L.Ed. 405. It is considered that such notice has been given when the examination necessary to acceptance or rejection of the first claim would necessarily reveal the factual situation to which the second claim relates. or the grounds on which it relies. Smale & Robinson, Inc., v. U. S., D.C.1954, 123 F.Supp. 457; United States v. Factors Finance Co., 1933, 288 U.S. 89, 96, 53 S.Ct. 287, 77 L.Ed. 633; United States v. Roth, 2 Cir., 1948, 164 F.2d 575.

■ Applying this rather mechanical test to the present situation, taxpayers, in the amended claim were asking only that the Commissioner "take action upon discoveries already in the making or perhaps already made", Bemis Bros. Bag Co. v. U. S., 1933, 289 U.S. 28, 34, 53 S.Ct. 454, 457, 77 L.Ed. 1011. The carry-back of the net operating loss from 1946 to 1944 rather than to 1945 was mandatory. Section 122 of the Internal Revenue Code of 1939, 26 U.S.C.A. § 122 provided that "such net operating loss shall be a net operating loss carry-back for each of the two preceding taxable years, except that the carry-back in the case of the first preceding taxable year shall be the excess, if any, of the amount of such net operating loss over the net income for the second preceding taxable year". When the commissioner received a claim for a carry-back to the *first* preceding taxable year (1945), it was accordingly his first duty to check the return for the second preceding taxable year (1944), to determine whether there was any amount remaining over the net income of that year which could be applied to the first year. Such an examination would reveal that

there was such income, and put the Commissioner on notice as to the facts and grounds on which the second claim was based.

A somewhat similar situation was considered in Smale & Robinson, Inc., v. U. S., D.C.S.D.Cal.1954, 123 F.Supp. 457. There, an original claim was filed for a refund on an excess profits tax for the year 1942, based on a carry-back of an asserted 1944 net operating loss, which if allowed would have entirely eliminated the 1942 income. This claimed loss, however, was reduced by the Commissioner, and in order to eliminate the income for that year it was necessary to use also a 1944 excess profits credit carry-back. An amended claim was filed for this purpose after the time for filing claims had passed. The Court held that the amendment related to the original claim:

"Substitution of one 1944 excess profits carry-back for another, in connection with a claim for refund of 1942 excess profits tax which admittedly opened for audit and redetermination plaintiff's income and excess profits taxes for the four years 1942–1945, 'is not forcing the inquiry into an unexplored territory, into strange and foreign paths.'" 123 F.Supp. 469.

Pink v. U. S., 2 Cir., 1939, 105 F.2d 183 also illustrates the theory. There, the corporate taxpayer's income for 1927 had been returned and taxed as ordinary income; a claim for refund asserted a right to have this taxed at the rates applicable to an insurance company. An amended claim asserted that certain fees had been erroneously included in income and asked that they be excluded. In holding that the second claim was a proper amendment to the first, the court said that:

"Investigation of the original claim * * * involved the determination of whether insurance was its predominant business for that year. * * * The commissioner was therefore called upon to investigate the various sources of the tax-

674

payer's income, and in so doing would necessarily discover that the fees now in question, and alleged in the second claim for refund to be non-taxable, were neither investment nor underwriting income as defined in section 246. This being so, it may well be argued that the original claim was enough to require the commissioner to compute the correct tax by excluding from gross income the fees in question." 105 F.2d at page 187.

The proposition that an examination of the first claim must reveal the grounds on which the second relies, is carried to its logical conclusion in cases where the first can be denied as a matter of law, with no investigation of the facts. Thus in Mesta v. U. S., 3 Cir., 1943, 137 F.2d 426, 427, a timely claim had been made for a refund on the ground that income from an oil lease was exempt because the lease was with a municipality; an amended claim requested that if the income were found taxable a depreciation allowance should be made. It was held that the first claim gave no notice of this second grounds, since "the question of [the] taxability of the income from the lease was a question of law which involved no examination of the returns". This reasoning distinguishes Young v. U. S., 8 Cir., 1953, 203 F.2d 686, from the present situation. In Young, a timely claim for refund for a net operating loss was filed which attempted to carry the loss back to the *third* preceding taxable year; it was held that a subsequent (untimely) claim based on the second preceding year did not amend the first. The opinion relies principally on the fact that the first claim had been denied before the second was filed, which is not the case here. The holding is further distinguishable by the fact that it is apparent that a denial of the claim could have been made by an examination of the law alone. No examination of the facts or of the returns was required to deny the claim, since it was clearly unwarranted under the law.

Since in the present case the first claim could not have been denied or allowed without an inquiry into taxpayers' returns for the years 1944 through 1946, the Commissioner had notice of the facts and ground on which the amended claim was based. Judgment will accordingly be entered for the plaintiff. Counsel will submit a suggested form of order within 24 days.