**ST. JOSEPH LEAD COMPANY,**
Plaintiff,

v.

**UNITED STATES of America,**
Defendant.

United States District Court
S. D. New York.

July 24, 1959.

Debevoise, Plimpton & McLean, New York City, for plaintiff, D. Bret Carlson, New York City, Carl J. Marold, of counsel.

S. Hazard Gillespie, Jr., U. S. Atty., for Southern Dist. of New York, New York City, Attorney for Defendant, Arthur V. Savage, Asst. U. S. Atty., New York City, of counsel.

DAWSON, District Judge.

This is a motion for an order, pursuant to Rule 15(a) of the Rules of Civil Procedure, 28 U.S.C.A., granting plaintiff leave to amend its complaint. The motion is supported by a stipulation of facts signed by both parties.

This is an action for the refund of corporate income taxes paid for the year 1949. The action was started after a claim for refund had been duly filed with the Commissioner of Internal Revenue but no action taken thereon by him. The claim demanded a refund of $102,-090.45 in taxes, plus interest of $14,036.-95.

Following the filing of the claim, and in January, 1958 (as appears from Paragraph 10 of the stipulation) the defendant notified the plaintiff that it was considering making an administrative refund in respect of plaintiff's above-mentioned claim. Thereafter, at the request of the defendant, the Internal Revenue Service itself instituted and conducted an independent examination of plaintiff's return for the year 1949, with a view to ascertaining whether the sum demanded in the complaint was a correct computation. As a result of such examination, which involved a further review of the plaintiff's tax return and also a review of plaintiff's books and records, it was determined that the computation of the amount of the refund claimed was not properly made and that, if plaintiff should be allowed to recover on the ground alleged in the claim for refund, the amount of its deduction would be greater than what it had claimed, due to certain errors in determining the net income of plaintiff for the purposes of computing plaintiff's deduction for percentage depletion.

Plaintiff then filed an amended claim with the Bureau of Internal Revenue which corrected the admitted errors in the original claim. It appears that the amended claim did not change the grounds upon which the refund was being demanded in the original claim, but that only the amounts involved were changed. The amount set forth in the amended claim for refund was $355,761.-93. When the Commissioner considered the amended claim he rejected it with a letter dated February 17, 1959, stating:

"Inasmuch as this claim is amended in amount only it is being rejected by this office on the same basis as the original claim filed under date of January 16, 1953."

The Government argues that this Court may not permit the filing of an amended complaint for an additional tax refund based on grounds set forth in an amendment to the refund claim when the amendment was filed after the statute of limitations had run against claims for refunds and the amendment relies on grounds not previously advanced. This forms the basis of the fundamental issue on this motion: Did the amended complaint set forth *grounds* for the refund which had not previously been advanced?

The original claim for refund, and the complaint based thereon, was a claim that plaintiff was entitled to a percentage depletion on "chat," which is defined as "ores that had previously undergone treatment by which some, but not all, of their metal content had been removed." See, Commissioner v. Kennedy Mining & Milling Co., 9 Cir., 1942, 125 F.2d 399, in which the court rejected the Commissioner's position that production from dumps of "chat" or "tailings" was not depletable under the depletion provisions of the Code, 26 U.S.C.A. (I.R.C.1939), §§ 23(m), 114(b) (4). The amount of permissible percentage depletion depends, of course, in part, on the net income of the taxpayer.

After the claim for refund had been filed, plaintiff was advised that consideration was being given to making an administrative refund of the amount claimed in the suit. As the Government points out in its brief:

" * * * Since an administrative refund in the amount of plaintiff's claim must first be approved by a Joint Committee of Congress, the Internal Revenue Service undertook an investigation to determine whether the allowance of the percentage depletion for 'chat,' which was claimed by the plaintiff in its tax return, its claim for refund, and in its complaint, would result in an administrative refund in the amount demanded by plaintiff."

The Government also points out, on page 6 of its brief:

"In the course of this investigation, and after in addition reviewing figures and accounts derived from an inspection of plaintiff's books and records which were not

set forth in plaintiff's claim for refund, nor in its tax return, defendant discovered that plaintiff had made substantial errors and omissions in the computation on its tax return of its net income for purposes of percentage depletion * * *."

These errors and omissions are stated in Paragraph 11 of the stipulation annexed to the moving papers.

The plaintiff does not seek to change the ground of the claim for refund, which is that it is entitled to percentage depletion on the "chat." Rather, it says that if it is correct on this issue the amount of its refund should be larger because it miscalculated its net income in its original claim and now seeks to correct this error by stating the correct amount of its net income, as revealed by the administrative review of the Bureau.

■ It is correct that courts are precluded from granting judicial relief in any suits for tax refunds on grounds which have not previously been advanced in an administrative claim filed with the Commissioner.

Treas.Regs. 111, § 29.322–3, provides in part:

"The claim must set forth in detail and under oath each ground upon which a refund is claimed, and facts sufficient to apprise the Commissioner of the exact basis thereof. No refund or credit will be allowed * * * except upon one or more of the grounds set forth in a claim * * *."

See, United States v. Garbutt Oil Co., 1938, 302 U.S. 528, 58 S.Ct. 320, 82 L.Ed. 405.

■ However, the rule is well established that where a claim for refund was timely filed, specifying the ground upon which the refund is claimed and facts sufficient to apprise the Commissioner of the basis thereof, an amendment of the claim may be made before rejection of the claim, but after the statutory period specified in § 322 of the Act, 26 U.S.C.A.

(1939) § 322 has expired, if the amendment does not change the ground of the claim but rather brings up matters which the Commissioner would necessarily have to ascertain in determining the merit of the original claim. Bemis Bro. Bag Co. v. United States, 1933, 289 U.S. 28, 53 S.Ct. 454, 77 L.Ed. 1011; Pink v. United States, 2 Cir., 1939, 105 F.2d 183, 187; Socony-Vacuum Oil Co. v. United States, 2 Cir., 1945, 146 F.2d 853; Westchester Fire Ins. Co. v. United States, D.C.S.D. N.Y.1955, 138 F.Supp. 788.

The ground upon which the refund is claimed is that the taxpayer is entitled to percentage depletion on its "chat" piles. This ground was not changed in the amended claim or the amended complaint. Plaintiff, if it recovered on that claim, would be entitled to a refund but the amount would have to be ascertained by a consideration, among other things, of its net income. Plaintiff is not contending that its tax was different because of errors in stating its net income; it is urging that if it is successful in its refund claim the computation of the amount of the refund should be based upon the accurate figures which it includes in its amended claim. These are matters which the Commissioner would necessarily have to ascertain to determine how much the taxpayer should be allowed as a refund: That this is so appears clearly from the fact that the original miscalculations on the figure of net income were revealed by the administrative review undertaken by the Government in connection with the examination of the original refund claim.

■ Rule 15(a) provides that leave to amend a pleading "shall be freely given when justice so requires." It would certainly appear that justice would permit the plaintiff to amend its complaint to conform with the amended refund claim, which merely conformed the claim to the facts as disclosed by the Internal Revenue review, and as to which there appears to be no factual dispute.

The motion is granted. So ordered.