**ST. JOSEPH LEAD COMPANY,**
Plaintiff,

v.

**UNITED STATES of America,**
Defendant.

United States District Court
S. D. New York.

Nov. 22, 1960.

Motion by the Government for
Reconsideration Feb. 16, 1961.

See also 175 F.Supp. 7.

Debevoise, Plimpton & McLean, New York City, for plaintiff, D. Bret Carlson, New York City, and Carl J. Marold, Boston, Mass., of counsel.

S. Hazard Gillespie, Jr., U. S. Atty., for Southern Dist. of New York, New York City, for defendant, Arthur V. Savage, New York City, Mildred L. Seidman, Atty., Dept. of Justice, Washington, D. C., of counsel.

PALMIERI, District Judge.

Plaintiff has brought this motion for summary judgment; defendant has cross-moved for an order dismissing the amended complaint to the extent that it seeks a refund in excess of a stated amount. The single disputed issue is whether plaintiff's amended claim for refund for the year 1949, filed after the expiration of the applicable period of lim-

itations on refund claims for that year,[1] sets forth new grounds unrelated to those previously advanced in the timely filed original claim for refund.[2] See United States v. Andrews, 1938, 302 U.S. 517, 58 S.Ct. 315, 82 L.Ed. 398. This issue is before the court for a second time; it was first presented in connection with plaintiff's motion to amend its complaint. Leave to amend was granted by Judge Dawson pursuant to an opinion filed on July 24, 1959. The relevant and undisputed facts appear in a detailed stipulation signed by both parties. It is identical to that submitted to Judge Dawson on the prior motion.

### The Basis of the Original Claim for Refund

In its original claim, filed on January 16, 1953, plaintiff alleged that the Commissioner had erroneously disallowed a portion of the percentage depletion deduction[3] itemized in plaintiff's 1949 tax return. Plaintiff challenged the Commissioner's determination that net income for percentage depletion purposes included only income allocable to sales of metals produced from newly mined ore and not income allocable to sales of metals produced from chat.[4] Plaintiff claimed as subject to percentage depletion all of the income realized from its sales of metals extracted at the specified mining properties, i. e., metals extracted from chat as well as from newly mined ore. In other words, plaintiff's timely filed original claim for an administrative refund was premised upon the contention that for percentage depletion purposes, no distinction could be made between chat and newly mined ore.[5]

### The Amended Claim

In January 1958, over a year after this action was commenced and some five years after the filing of the original refund claim, defendant notified plaintiff that the Commissioner had determined to consider the merits of plaintiff's claim. Accordingly, and at defendant's request, a Revenue Agent was assigned to examine plaintiff's 1949 return to ascertain whether the amount demanded by plaintiff accurately represented the percentage depletion deduction alleged to have been wrongfully disallowed. The agent commenced his assignment by computing plaintiff's net income from the mining operations of the specified properties for

1. See Int.Rev.Code of 1939 §§ 322(b) (1), 26 U.S.C.A. § 322(b) (1) (claim for refund is timely if filed within 3 years after the return is filed or within 2 years after the tax is paid, whichever is the later), 3772(a) (1), 26 U.S.C.A. § 3772 (a) (1) (filing of refund claim is a condition precedent to suit to recover tax payment).

2. U.S.Treas.Reg. 111, § 29.322–3 (1943) (claim must set forth in detail "each ground upon which a refund is claimed and facts sufficient to apprise the Commissioner of the exact basis therefor.")

3. See Int.Rev.Code of 1939, §§ 23(m), 114 (b) (4) (A) (iii), 26 U.S.C.A. §§ 23(m), 114(b) (4) (A) (iii) (in the case of metal mines, 15% of the gross income from the property during the taxable year shall be allowed for depletion but such allowance shall not exceed 50% of the net income from the property.

4. The term "chat" describes deposits of ore previously extracted from underground mine workings and partially processed. Plaintiff's chat piles, accumulated as a result of plaintiff's own working of its mining properties, contained substantial amounts of valuable metals. As part of its operation of its mining properties in 1949, plaintiff recovered and sold metal extracted from the ore in its chat piles. The income realized therefrom was fully reflected in plaintiff's 1949 tax return. See Stipulation 6.

5. Plaintiff stated in its original claim:
    "There is no diffrence in principle between * * * low grade ore and the tailings [chat] from the same mines. The original extraction of the ore from the mines, the first milling which resulted in the tailings [chat], and the final remilling of the tailings [chat] and production of lead therefrom, were all integrated steps in the production of lead from taxpayer's own mines."
    In taking this position, plaintiff relied upon the holding in Commissioner of Internal Revenue v. Kennedy Mining & Milling Co., 9 Cir., 1942, 125 F.2d 399, that chat was subject to depletion.

the year 1949.[6] Determination of this basic figure would indicate whether the amount of the deduction itemized in plaintiff's 1949 return fell within the maximum allowable statutory limit for percentage depletion, *i. e.*, 50% of plaintiff's net income from the specified mines. In accordance with the change of position considered by the Commissioner with respect to depletion on chat,[7] the agent included sales attributable to chat as well as to newly mined ore in his computation of net income from the mines.

In the course of his review, the agent discovered that plaintiff had made computation errors which resulted in a substantial understatement of the basic figure i. e. net income from the mining properties, and a corresponding understatement of the maximum percentage depletion deduction which plaintiff could have claimed for the year 1949. These errors were disclosed to plaintiff whereupon plaintiff investigated the matter, found an additional error affecting the amount of its net income subject to percentage depletion, and filed an amended administrative claim correcting the erroneous computation originally submitted.

Plaintiff concedes that the refund now sought encompasses more than the amount attributable to the Commissioner's disallowance of percentage depletion on chat. However, plaintiff maintains that the scope of its original claim, resting upon the proposition that chat and newly mined ore are not to be distinguished for percentage depletion purposes, is sufficient to entitle plaintiff to relief on the basis of the facts set forth in the amended complaint—facts which affect depletion on newly mined ore as well as chat.

### The Prior Motion

Defendant has urged that the papers submitted on the motion for leave to amend were inadequate to reflect with proper clarity the fact that the proposed amended complaint and the amended administrative claim on which it was based included a claim for additional depletion on newly mined ore. In defendant's opinion, the inadequate prior presentation led the court to grant leave to amend on the mistaken assumption that plaintiff's motion involved nothing more than a request to increase the amount of the refund sought based upon a corrected computation of the portion of the depletion deduction allocable to chat. Whatever deficiencies may have existed in the prior presentation, the defendant has now clearly placed before the court its contention that plaintiff is entitled to relief only to the extent of its claim for percentage depletion on chat. In other words, according to defendant, plaintiff is time-barred from any relief which would affect depletion on newly mined ore.

### The Amendment Does Not Constitute a New Claim

Under the applicable legal rules, a taxpayer may not set up a new and unrelated ground for refund under the guise of an amendment after the time for filing a new claim has elapsed. See United States v. Garbutt Oil Co., 1938, 302 U.S. 528, 58 S.Ct. 320, 82 L.Ed. 405. However, when the Commissioner considers the merits of the original claim, as he did here, the taxpayer, despite the expiration of the limitations period, may file "any amendment which would not amount, under the rules of pleading in actions at law, to an alteration of the cause of action and would not require the Commissioner to make a new and different inquiry than that which he was called upon to make" in connection with the original claim. United States v. Andrews, 1938, 302 U.S. 517, 521, 58 S.Ct. 315, 318, 82 L.Ed. 398; see Emmanuel,

---

6. Plaintiff had attached to its orginal claim for refund a detailed computation of its net income from the properties, 50% of which it claimed as allowable percentage depletion pursuant to Int.Rev.Code of 1939, §§ 23(m), 114(b) (4) (A) (iii).

7. The Commissioner formally announced his decision to permit percentage depletion on chat in Rev.Rul. 60–176, 1960 Int.Rev.Bull. No. 19, at 38.

Federal Tax Refund Procedure, 5 U.Fla. L.Rev. 133, 145 (1952).

In the present case, it is apparent that, in the normal course of administrative procedure, investigation of the ground asserted in the original claim was not only likely to, but did in fact lead to disclosure of the matters set forth in the amended claim. Cf. Addressograph-Multigraph Corp. v. United States, 1948, 78 F.Supp. 111, 122, 112 Ct.Cl. 201. The amendment did not call for an inquiry into factors not germane to the pending claim. For it is clear that as a necessary preliminary step in determining the allowable amount of depletion attributable to chat, the Commissioner had to ascertain plaintiff's net income from the specified mining properties. See Stipulation 10; Affidavit of Revenue Agent James S. Park, ¶14, p. 7, Oct. 13, 1960. The mathematical process involved brought to his attention the inadequacy of the amount of depletion previously allowed with respect to newly mined ore. The amended claim incorporated the corrections made by the Commissioner's agent; it is limited in scope to an adjustment of the errors contained in the originally filed computation of net income for depletion purposes.[8]

## Conclusion

■ I conclude that the adjustments introduced by amendment affect the amount of but not the ground for refund previously advanced,[9] and that the new facts relate to matters which the Commissioner had necessarily to ascertain in passing upon the merits of the original claim. I therefore hold that the statute of limitations is not a bar to any portion of the claim for additional percentage depletion set forth by plaintiff in its amended complaint. See Pink v. United States, 2 Cir., 1939, 105 F.2d 183; Westchester Fire Ins. Co. v. United States, D.C.S.D. N.Y.1955, 138 F.Supp. 788; Addressograph-Multigraph Corp. v. United States, 1948, 78 F.Supp. 111, 112 Ct.Cl. 201.

Plaintiff's motion for summary judgment is granted; defendant's cross-motion is denied.

Submit form of judgment setting forth the amount of the refund due to plaintiff on notice and pursuant to paragraph 15 of the stipulation.

### Motion by the Government for Reconsideration

In a decision filed on November 22, 1960, I granted plaintiff's motion for summary judgment on its amended complaint for a refund of income tax. Defendant's cross-motion for an order limiting the amount recoverable by plaintiff was denied. The parties were directed to submit a form of judgment setting forth the amount of the refund due to plaintiff on notice and after verification of the computations by defendant in accordance with paragraph 15 of the stipulation upon which the motions were presented. As a result of defendant's delay in carrying out the court's direction, judgment has not yet been entered.

The defendant now brings this application for the stated purpose of preventing "an error of law from inhering in [the decision filed on November 22, 1960]."[1] Since the 14 day period in which a motion for reargument might have been brought expired some time ago,[2] the defendant has moved for "relief akin to a

---

8. See note 6, supra.

9. The single ground asserted by plaintiff, i. e., the legal justification or cause for the granting of a refund, is that all of its income during 1949 from the specified properties, whether from newly mined ore or from chat, represents income from mining operations with respect to which a deduction for percentage depletion is allowable. See Commissioner of Internal Revenue v. Kennedy Mining & Milling Co., 9 Cir., 1942, 125 F. 2d 399.

1. As I understand the defendant's argument, the same "error of law" inheres in the opinion filed by Judge Dawson on July 24, 1959 granting plaintiff's motion for leave to amend the complaint.

2. See Rule 9(h) of the General Rules of this court in effect prior to February 1, 1961.

new trial" [3] urging that the court correct a manifest error of law by making "new findings and conclusions, and direct[ing] the entry of a new judgment." Fed.R.Civ.P. 59(a), 28 U.S.C.A.

The alleged error of law is said to have come to defendant's attention for the first time less than two weeks prior to January 23, 1961, when one of its attorneys "discovered" the existence of a section of an executive order which bears upon this case. The newly discovered legal provision, Executive Order No. 6166, issued on June 10, 1933, established a plan of reorganization for executive agencies of the Federal Government. According to defendant, section 5 of that Order requires this court to retract the opinion of November 22, 1960 and belatedly grant defendant's cross-motion. Section 5 reads, in pertinent part, as follows:

"The functions * * * of defending claims and demands against the Government, and of supervising the work of United States attorneys * * * in connection therewith, now exercised by any agency or officer, are transferred to the Department of Justice.

"As to any case referred to the Department of Justice for prosecution or defense in the courts, the function of decision whether and in what manner to prosecute, or to defend, or to compromise, or to appeal, or to abandon prosecution or defense, now exercised by any agency or officer, is transferred to the Department of Justice." 5 U.S.C.A. § 132 note.

This section vests in the Department of Justice responsibility for trial, settlement or compromise of refund suits, an allocation of responsibility which has not gone unnoticed during the past 27 years. See Emmanuel, Federal Tax Refund Procedure, 5 U. of Fla.L.Rev. 133, 137 (1952). See also 28 U.S.C. § 507.

Plaintiff filed its administrative claim for refund in 1953. Although suit was commenced in 1956, administrative investigation of the merits of plaintiff's claim was not initiated until 1958. Based upon the above-quoted section of Executive Order No. 6166, defendant appears to argue that this court erred in considering as relevant any purportedly official investigation or communication [4] of the Internal Revenue Service after 1956.

Paragraph 10 of the stipulated facts sets forth in detail the very active role assumed by the Internal Revenue Service in investigating the merits of plaintiff's refund claim. As that paragraph clearly demonstrates, in the processing of a tax claim, the point which marks the formal commencement of judicial proceedings does not necessarily mark the point at which administrative consideration of the case terminates. Assuming that, had the defendant raised the point, it might have been appropriate to note in the November 22, 1960 opinion that the Service investigation on defendant's behalf occurred as a result of a Department of Justice request, it remains apparent that in 1958 the plaintiff's case was being treated as if it were still in the administrative stage. This course of action created neither prejudice nor misunderstanding for either side; nor did it impinge in any way upon the allocation of responsibility embodied in the Executive Order now belatedly invoked.

In any event, the present attempt by the defendant to attack the relevance of the activity of the Service and to categorize at least part of that activity as an academic exercise misconceives the nature of the basic question which the court decided. The single disputed issue before the court in connection with plain-

---

3. Moving Affidavit, p. 1.

As authority for bringing this motion defendant relies upon Partridge v. Presley. 1951, 88 U.S.App.D.C. 298, 189 F.2d 645, 646, certiorari denied, 1951, 342 U.S. 850, 72 S.Ct. 79, 96 L.Ed. 642 and Ishikawa v. Acheson, D.C.Hawaii 1950, 90 F.Supp. 713.

4. See paragraphs 13 and 14 of the stipulation referring to the filing and disallowance of plaintiff's amended administrative claim for refund.

tiff's motion for summary judgment was whether the amendment to plaintiff's claim "set forth new grounds unrelated to those previously advanced in the timely filed original claim for refund." As to that issue, the court concluded that plaintiff's amendment affected "the amount of but not the ground for refund previously advanced," and that the new facts related "to matters which the Commissioner (whether acting directly for the defendant or as the investigating arm of the Department of Justice) had necessarily to ascertain in passing on the merits of the original claim." The fact that the Commissioner's representatives did investigate the merits of the plaintiff's claim was not determinative of the legal issue presented. If, as has been argued in the moving papers, the court's ruling depended upon the occurrence of an administrative examination prior to the commencement of a suit for refund, the defendant would have the arbitrary power to preclude appropriate claim amendments simply by declining to pass upon administrative claims before the institution of litigation by the taxpayer. I find nothing in the Internal Revenue Code, the Commissioner's Regulations, or the Executive Order which supports the existence of such a power. In sum, I know of no sound reason why plaintiff's decision in 1956 not to withhold the filing of its complaint until the Commissioner had rendered a decision on its 1953 administrative claim[5] should have foreclosed plaintiff's right to amend its claim in a manner "which would not amount, under the rules of pleading in actions at law, to an alteration of the cause of action."[6] Nor do I find any departure from required procedure in the fact that plaintiff took the precaution of filing an amended administrative claim and awaited the response of the Internal Revenue Service to that claim before moving for leave to amend the complaint filed with the court.[7]

Apparently, the defendant has used the argument with respect to the Executive Order as a springboard to persuade the court to reexamine the merits of the decision on plaintiff's motion for it devotes the major portion of its brief to the same arguments and authorities as those which it has already placed before the court in full detail. If the defendant believes that this court erred in holding that the original and amended claims presented a single ground for refund, its remedy is by way of appeal.

Defendant's motion is denied in all respects. Plaintiff's application for a direction that defendant proceed without further delay in accordance with the November 22, 1960 decision and paragraph 15 of the stipulation is granted. A form of judgment should be submitted within 20 days from the date of this order. If defendant has not verified the computations of the amount due to plaintiff within the prescribed time, the court will accept for approval and signature a form of judgment submitted by plaintiff and defendant will be deemed to have waived the rights which it reserved under paragraph 15 of the stipulation.

So ordered.

5. See Int.Rev.Code of 1939, § 3772(a) (2), 26 U.S.C.A. § 3772(a) (2) (suit may not be commenced before the expiration of 6 months from the date of filing the administrative claim nor after the expiration of 2 years from the date of notice of administrative disallowance).

6. United States v. Andrews, 1938, 302 U.S. 517, 521, 58 S.Ct. 315, 318, 82 L. Ed. 398.

7. See Int.Rev.Code of 1939, § 3772(a) (1) (no suit may be maintained until an administrative claim for refund has been filed); cf. Westchester Fire Insurance Co. v. United States, D.C.S.D.N.Y.1955, 138 F.Supp. 788 (amendment of complaint not barred even though no amended administrative claim has been filed).