ST. JOSEPH LEAD COMPANY, Plaintiff-Appellee,

v.

UNITED STATES of America, Defendant-Appellant.

No. 206, Docket 27102.

United States Court of Appeals Second Circuit.

Argued Jan. 17, 1962.

Decided Feb. 13, 1962.

Robert M. Morgenthau, U. S. Atty., for the S. D. New York, New York City (Vincent L. Broderick and Robert Arum, Ass't U. S. Attys., New York City, on the brief), for defendant-appellant.

Carl J. Marold, Boston, Mass. (D. Bret Carlson of Debevoise, Plimpton & McClean, New York City, on the brief), for plaintiff-appellee.

Before MEDINA, SMITH and HAYS, Circuit Judges.

HAYS, Circuit Judge.

This action was brought by St. Joseph Lead Company for refund of an overpayment of Federal income taxes for the year 1949. The government appeals from an order of the District Court granting St. Joseph's motion for summary judgment.[1] We affirm.

Appellee, a New York corporation, owned and operated several lead mining properties in Missouri. The major part of its product was derived from newly mined ore. A much smaller amount came from so-called "chat" which is ore from which some but not all of the lead content has already been extracted. This processed ore or chat is kept at the mine until such time as the market price of lead makes it profitable to re-mill the chat and extract the remaining lead. Some chat was processed and sold in 1949.

In computing its 1949 income tax appellee included in its calculation of depletion allowance its income from the lead milled from chat, using the percentage depletion method authorized by § 114 (b)(4) of the 1939 Code, 26 U.S.C.A. § 114(b)(4). The Commissioner disallowed that part of the claim for depletion which was attributable to chat. St. Joseph's, having paid the deficiency which the Commissioner assessed, filed a claim for refund and in 1956 brought this action for refund.

In January, 1958, the Commissioner notified appellee that an administrative refund of the deficiency was under consideration.[2] In recomputing appellee's percentage depletion deduction to determine whether the figure asserted in appellee's claim was correct, the Commissioner discovered that in several instances appellee had made errors which resulted in a large understatement of the income figure from which depletion was computed.[3] It followed, of course, that the depletion allowance deduction originally claimed was also substantially understated. Upon learning of these errors, appellee reexamined its figures, and, finding these and still another similar error, filed an amended claim seeking the benefit of a correct computation. The claim was denied by the Commissioner.[4]

---

1. 190 F.Supp. 637 (S.D.N.Y.1960).

2. In 1957, the Court of Appeals for the Third Circuit, following an earlier decision of the Ninth Circuit, Commissioner v. Kennedy Mining and Milling Co., 125 F.2d 399 (9th Cir. 1942), held that income from the processing of chat is to be taken into account for percentage depletion purposes. Turkey Run Fuels v. United States, 243 F.2d 147 (3d Cir. 1957). The Commissioner formally conceded the correctness of these decisions in Rev.Rul. 60–176, 1960–1 Cum.Bull. 686 (1960).

3. Income and expenses were properly reported in other respects and therefore these errors did not affect appellee's income tax liability in any respect other than the percentage depletion deduction.

4. The reason given by the Commissioner was that the claim was amended in amount only and was thus being rejected on the same ground as the original claim. This is of course inconsistent with the government's present position that the

Appellee thereupon moved for leave to amend its complaint to include the corrected computation of the depletion deduction and leave was granted.[5] Summary judgment from which the present appeal is taken followed.[6]

In opposition to appellee's motion for summary judgment the government did not resist the inclusion of income attributable to chat in the calculation of appellee's depletion allowance. Nor did the government contend that appellee had not in fact overpaid its income tax in the amount claimed in the amended complaint. The government's sole defense below, and, in effect, its sole argument on appeal, is that the attempt to recover the overpayment resulting from the accounting errors discovered by the government was barred by the statute of limitations.

It is clear that had appellee taken no action with respect to a refund of taxes paid for the year 1949 until 1958, when the amended claim for refund was filed, the statute of limitations would have barred recovery.[7] The issue to be resolved, therefore, is whether the claim arising out of the discovery of appellee's accounting errors relates back to the time the original claim was filed and thus falls within the limitations period.

In Pink v. United States, 105 F.2d 183 (2d Cir.1939) this court said:

"Whether a new ground of recovery may be introduced after the statute has run by amending a pending claim filed in time depends upon the facts which an investigation of the original claim would disclose. Where the facts upon which the amendment is based would necessarily have been ascertained by the commissioner in determining the merits of the original claim, the amendment is proper. Bemis Bros. Bag Co. v. United

States, 289 U.S. 28, 53 S.Ct. 454, 77 L.Ed. 1011; United States v. Memphis Cotton Oil Co., 288 U.S. 62, 53 S.Ct. 278, 77 L.Ed. 619; United States v. Factors & Finance Co., 288 U.S. 89, 53 S.Ct. 287, 77 L.Ed. 633. The rule is otherwise when the amendment requires the examination of new matters which would not have been disclosed by an investigation of the original claim. United States v. Andrews, 302 U.S. 517, 58 S.Ct. 315, 82 L.Ed. 398; United States v. Garbutt Oil Co., 302 U.S. 528, 58 S.Ct. 320, 82 L.Ed. 405; Marks v. United States, 2 Cir., 98 F.2d 564."

This test has been consistently applied to determine the propriety of a proposed amendment. See e. g., Socony-Vacuum Oil Co. v. United States, 146 F.2d 853 (2d Cir. 1945); Ryan v. Harrison, 146 F. Supp. 671 (N.D.Ill.1956); Smale & Robinson, Inc. v. United States, 123 F. Supp. 457 (S.D.Col.1954); True Bros., Inc. v. United States, 93 F.Supp. 107, 110 (D.Mass.1950); Addressograph-Multigraph Corp. v. United States, 112 Ct.Cl. 201, 78 F.Supp. 111, 121 (1948); Sun-Herald Corp. v. Duggan, 62 F.Supp. 372, 376 (S.D.N.Y.1945); cf. United States v. Roth, 164 F.2d 575 (2d Cir. 1948).

The test is one which affords the government ample protection against the filing of stale claims (see United States v. Memphis Cotton Oil Co., 288 U.S. 62, 71, 53 S.Ct. 278, 77 L.Ed. 619 (1933); Miami Valley Coated Paper Co. v. Commissioner, 211 F.2d 422, 425 (6th Cir. 1954); Ryan v. Harrison, 146 F.Supp. 671, 673 (N.D. Ill.1956)), while at the same time providing no arbitrary limit on the amendment of claims previously filed. It is a pragmatic test which closely resembles Rule 15(c) of the Federal Rules of Civil Pro-

claims are so unrelated that the second ought not be permitted to amend the first.

5. 175 F.Supp. 7 (S.D.N.Y.1959).

6. 190 F.Supp. 637 (S.D.N.Y.1960).

7. Int.Rev.Code of 1939, § 322(b); cf. Int. Rev.Code of 1954, § 6511(a), 26 U.S.C.A. § 6511(a).

cedure, 28 U.S.C.A.[8] and which avoids the conceptualistic pitfalls involved in deciding whether a proposed amendment changes the "ground" (cf. "cause of action") on which the original claim is based. See Insuranshares & Gen. Mngt. Co. v. United States, 93 Ct.Cl. 643, 38 F. Supp. 835 (1941); 10 Mertens, Law of Federal Income Taxation § 58.21 (1958).

In the present case the Commissioner "in determining the merits of the original claim" would necessarily have ascertained "the facts on which the amendment is based." The percentage depletion method of computing a depletion deduction requires the determination of the gross income and the net income from the property in question.[9] In order to check appellee's figures for the depletion deduction, the Commissioner had necessarily and at the very least, to reexamine appellee's figures for income and expense.[10] In fact it was in the course of just such a reexamination of appellee's figures that the Commissioner discovered the errors on which the amendment is based.

Thus properly considered the original claim was closely related to the amended claim and to facts later relied on. It was sufficient to place the Commissioner on notice of these facts and for these reasons the amended claim relates back to the time the original claim was filed and the original action brought.

When the second claim is viewed merely as an amendment of the first, the remaining arguments pertaining to the administrative functioning of the Revenue De-partment and the division of responsibility between that Department and the Department of Justice are completely without merit.

Affirmed.

8. "Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading."

9. The deduction allowed is the lesser of fifteen per cent of the gross income or fifty per cent of the net. Int.Rev.Code of 1939, § 114(b) (4). The depletion deduction for chat could not have been determined from the income and expenses attributable to the processing of the chat alone. It is only by combining these figures with those representing income and expenses from the mining properties as a whole that the appropriate alternative formula can be determined.

10. The government's position is that the original claim, which was limited to a refund for depletion on chat, was denied as a matter of law without examining the arithmetic or factual basis for taxpayer's claimed or existing depletion allowance. But the Commissioner now concedes that his ruling as to depletion on chat was incorrect. The taxpayer cannot be held to be bound by the erroneously narrow scope of the original investigation.