## The PAYMASTER CORPORATION
### v.
### Harold R. ALL, District Director of Internal Revenue.

### No. 61 C 1667.

United States District Court
N. D. Illinois.
March 4, 1965.

Max A. Reinstein, Chicago, Ill., for plaintiff.

John B. Jones, Jr., Acting Asst. Atty. Gen., C. Moxley Featherston, David A. Wilson, Jr., and Lawrence E. Doxsee,

---

Attys., Dept. of Justice, Washington, D. C., Edward V. Hanrahan, U. S. Atty., Chicago, Ill., for defendant.

DECKER, District Judge.

In considering plaintiff's motion for leave to file an amended complaint, I have examined the pleadings, defendant's request for admissions and the answers thereto, as well as the briefs submitted by the parties and the oral argument; I am of the opinion that plaintiff's motion must be denied.

Plaintiff's proposed amendment would add to the complaint additional damages in the amount of $69,319.21, based upon the discovery in May, 1964, of what the plaintiff alleges to be an erroneous basis for computing a portion of the excise tax which is the subject of this suit.

■■ A prerequisite to suit for refund, in addition to making the alleged overpayment, is the filing of a claim for refund; 26 U.S.C. § 7422 makes this an absolute condition precedent for bringing suit. Since the plaintiff has not alleged that such a claim for refund has been filed with respect to the alleged newly discovered overpayment, the motion to amend must be denied on this ground.

Furthermore, it does not appear that an amendment to the claim for refund can be made or that a new claim for refund can be filed within the statute of limitations, 26 U.S.C. § 6511.

■ A claim for refund can be amended after the statute of limitations has run, provided the subject matter of the amendment is within the scope of the claim filed before the period of limitations has ended. Ryan v. Harrison, 146 F. Supp. 671 (N.D.Ill.1956); St. Joseph Lead Co. v. United States, 299 F.2d 348 (2d Cir. 1962); Pink v. United States, 105 F.2d 183 (2d Cir. 1939).

■ However, a claim which has been rejected cannot be amended; as the defendant points out, there is nothing left to amend. United States v. Memphis

Cotton Oil Co., 288 U.S. 62, 72, 53 S.Ct. 278, 77 L.Ed. 619 (1933); Tobin v. Tomlinson, 310 F.2d 648 (5th Cir. 1962), cert. den. 375 U.S. 929, 84 S.Ct. 327, 11 L.Ed.2d 262 (1963).

The cases which plaintiff has cited to support its position all involved amendments to claims before the claims had been rejected. See Ryan v. Harrison, supra, 146 F.Supp. at 672 ("No action was taken on the original claim before the filing of the amendment."); St. Joseph Lead Co. v. United States, supra, 299 F.2d at 349 (an administrative refund of the deficiency was under consideration when the amended claim was filed); Pink v. United States, supra, 105 F.2d at 187 ("amending a pending claim filed in time").

■ I must also point out that the law concerning the amendment of a claim for refund should not be confused with Rule 15, F.R.Civ.P., which provides for amending a pleading.

■ Therefore, unless the amendment to the complaint fits exactly within the scope of the claim for refund upon which the complaint is based, in this case, adjustments for (a) contracts of indemnity, (b) overrides, and (c) warranties, the complaint cannot be amended because a claim for refund, required by 26 U.S.C. § 7422, has not been filed within the time limits set by 26 U.S.C. § 6511.

The amendment relates to the erroneous use of retail sales price, rather than the wholesale price, as to certain sales. This ground for additional refund is not within one of the three presented in the claim for refund; therefore, the statute of limitations has run as to this item, and the plaintiff's motion to amend the complaint to include this additional item must be denied.

An order has been entered this day denying the plaintiff's motion to amend its complaint and setting a pre-trial conference for Monday, April 5, 1965, at 9:30 A.M.